UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 2:19-cv-231 |
| | ) | |
| v. | ) | |
| | ) | CIVIL COMPLAINT |
| TRIDENT SEAFOODS CORP., | ) | |
| Royal Viking, Inc., Golden Dawn, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants Trident Seafoods Corporation ("Trident"), Royal Viking, Inc., and Golden

Dawn, LLC  (collectively, "Defendants") own and/or operate fishing and seafood processing

vessels off the coast of Alaska and the Pacific Northwest, and Trident owns and operates seafood

processing and cold storage facilities and vessels throughout Alaska and the continental United

States.  Defendant Trident's facilities and Defendants' vessels employ refrigeration appliances

that use an ozone-depleting Refrigerant gas known as chlorodifluoromethane or HCFC-22, also

known as R-22.  As alleged herein, Defendants failed to comply with Title VI of the Clean Air

Act ("Stratospheric Ozone Protection"), 42 U.S.C. §§ 7671-7671q, and the regulations set forth

in 40 C.F.R. Part 82, Subpart F, because they failed to repair and test leaking refrigeration

appliances, failed to maintain adequate records and equipment, and used uncertified technicians

to service refrigeration appliances.

## NATURE OF THIS ACTION

1.     The United States brings this civil action for injunctive relief and the imposition

of civil penalties under Section 113(b) of the Clean Air Act ("CAA"), 42 U.S.C. § 7413(b), for

1    Defendants' violations of Section 608 of the CAA and the implementing regulations set forth at

2    40 C.F.R. Part 82, Subpart F.  These violations occurred at Defendant Trident's seafood

3    processing facilities located in Alaska, and on board Defendants' vessels operating off the coast

4    of Alaska and the Pacific Northwest.

5                                    JURISDICTION AND VENUE

6          2.        This Court has jurisdiction over the subject matter of this action pursuant to

7    Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

8          3.        Venue is proper in the Western District of Washington pursuant to 28 U.S.C.

9    §§ 1391(b) and (c) and 1395(a), and Section 113(b) of the CAA, 42 U.S.C. § 7413(b), because

10   Defendants Trident and Royal Viking, Inc. reside and maintain corporate headquarters in this

11   judicial district and all Defendants are doing business in this judicial district.

12                              NOTICE TO THE STATE OF WASHINGTON

13         4.        The United States has notified the State of Washington of the commencement of

14   this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

15                                            PARTIES

16         5.        Plaintiff is the United States of America, by authority of the Attorney General of

17   the United States and through the undersigned attorneys, acting at the request of the

18   Administrator of the United States Environmental Protection Agency ("EPA").

19         6.        Defendant Trident is a seafood processing company.  It is incorporated in the state

20   of Washington, and its corporate headquarters is in Seattle, Washington.

21         7.        Defendant Trident operates a fleet of over thirty seafood processor, catcher, and

22   tender vessels off the coast of Alaska and the Pacific Northwest, as well as about twenty onshore

23   processing plants throughout Alaska and the continental United States.

1          8.      Defendant Royal Viking, Inc. is a wholly owned subsidiary of Trident,

2   incorporated in the state of Washington. It owns, and Trident operates the catcher vessels the

3   *Columbia*, *Pacific Viking*, *Royal Viking*, and the *Viking Explorer.*

4          9.      Defendant Golden Dawn, LLC is a wholly owned subsidiary of Trident,

5   incorporated in the state of Alaska and registered to do business in the state of Washington.  It

6   owns, and Trident operates the catcher vessel the *Golden Dawn*.

7                          STATUTORY AND REGULATORY BACKGROUND

8                                          **Clean Air Act**

9          10.     Title VI of the CAA, 42 U.S.C. §§ 7671-7671q, implements the Montreal

10  Protocol on Substances that Deplete the Ozone Layer.  Title VI mandates the elimination or

11  control of emissions of substances, known as Class I and Class II ozone-depleting substances,

12  which are known or reasonably anticipated to cause or significantly contribute to harmful effects

13  to the stratospheric ozone layer.

14         11.     Section 608(a) of the CAA, 42 U.S.C. § 7671g(a), requires the EPA to promulgate

15  regulations establishing standards and requirements regarding the use and disposal of Class I and

16  Class II ozone-depleting substances during the service, repair, or disposal of appliances and

17  industrial process refrigeration.  The regulations must include requirements that "reduce the use

18  and emission of such substances to the lowest achievable level" and "maximize the recapture and

19  recycling of such substances."  42 U.S.C. § 7671g(a)(3)(A) & (B).  The EPA has promulgated

20  implementing regulations pursuant to this authority, which are codified at 40 C.F.R. Part 82,

21  Subpart F, 40 C.F.R. §§ 82.150-82.169("Recycling and Emissions Reduction").[1]

---

[1] On November 18, 2016, the E.P.A. promulgated a Final Rule updating its 40 C.F.R. Part 82 regulations.  81 F.R. 82272 (Nov. 18, 2016). The updated rule became effective on January 1, 2017.  Because this Complaint alleges violations through March 31, 2016, the prior (2016) version of the regulations applies to those violations.  The applicable (2016) regulatory provisions are cited in this Complaint and are denoted with "(2016)" for clarity.

1    12.    Refrigerant as used herein means "any substance consisting in part or whole of a

2    class I or class II ozone-depleting substance that is used for heat transfer purposes and provides a

3    cooling effect."  40 C.F.R. § 82.152 (2016).

4        Requirement to Repair Leaks Within Thirty Days – Commercial Refrigeration

5        Appliances

6    13.    "Commercial refrigeration" appliances are refrigeration appliances utilized in the

7    retail food and cold storage warehouse sectors.  40 C.F.R. §§ 82.152 (2016).

8    14.    40 C.F.R. § 82.156(i)(1) (2016) provides that owners and operators of commercial

9    refrigeration equipment normally containing more than fifty pounds of Refrigerant must have

10   leaks repaired if the leak rate of the appliance exceeds thirty-five percent on an annual basis (i.e.,

11   if the appliance is leaking at a rate such that it would lose more than thirty-five percent of its full

12   charge in a twelve-month period), except as described in 40 C.F.R. §§ 82.156(i)(6) and (10)

13   (2016).  The repairs must bring the leak rate to below thirty-five percent on an annual basis.  40

14   C.F.R. § 82.156(i)(1) (2016).

15   15.    40 C.F.R. § 82.156(i)(9) (2016) requires that owners and operators must repair

16   leaks pursuant to 40 C.F.R. § 82.156(i)(1) (2016) within thirty days of when the leak is

17   discovered, or, if the owners intentionally shielded themselves from information which would

18   have revealed a leak, within thirty days after when the leaks should have been discovered, unless

19   granted additional time pursuant to 40 C.F.R. §§ 82.156(i)(6) and (10) (2016).

20       Requirement to Repair Leaks Within Thirty Days – Industrial Process Refrigeration

21       Appliances

22   16.    "Industrial process refrigeration" appliances are, among other things, complex

23   customized appliances used in chemical, pharmaceutical, petrochemical and manufacturing

1   industries, including industrial ice machines.  These appliances are directly linked to the

2   industrial process. 40 C.F.R. § 82.152 (2016).

3        17.    40 C.F.R. § 82.156(i)(2) (2016) provides that owners and operators of industrial

4   process refrigeration equipment normally containing more than fifty pounds of Refrigerant must

5   have leaks repaired if the leak rate of the appliance exceeds thirty-five percent on an annual basis

6   (i.e., if the appliance is leaking at a rate such that it would lose more than thirty-five percent of

7   its full charge in a twelve-month period), except as described in 40 C.F.R. §§ 82.156(i)(6), (7),

8   and (10) (2016), and 40 C.F.R. §§ 82.156(i)(2)(i) and (i)(2)(ii) (2016).  The repairs must bring

9   the leak rate to below thirty-five percent on an annual basis.

10        18.    40 C.F.R. § 82.156(i)(9) (2016) requires that owners and operators must repair

11   leaks pursuant to 40 C.F.R. § 82.156(i)(2) (2016) within thirty days of when the leak is

12   discovered, or, if the owners intentionally shielded themselves from information which would

13   have revealed a leak, within thirty days after when the leaks should have been discovered, unless

14   granted additional time pursuant to 40 C.F.R. §§ 82.156(i)(6), (7), and (10) (2016), and 40

15   C.F.R. §§ 82.156(i)(2)(i) and (i)(2)(ii) (2016).

16   <u>Requirement to Perform Initial and Follow-up Verification Tests on Leaking Industrial</u>

17       <u>Process Refrigeration Appliances</u>

18        19.    40 C.F.R. § 82.156(i)(3) (2016) provides that if an industrial process refrigeration

19   appliance is leaking at a rate exceeding thirty-five percent on an annual basis, then the owner or

20   operator is required to repair the leak and verify the adequacy of the repair.  An initial

21   verification test must be conducted at the conclusion of repairs, and a follow-up verification test

22   must be conducted within thirty days of the initial verification test, or no later than thirty days

23   after startup of the appliance.

1    20.    Owners or operators of refrigeration appliances undergoing leak repair are

2    required to maintain records of initial and follow-up verification tests.  The owner or operator is

3    required to record the date, method, and result of each verification test.  40 C.F.R. § 82.166(n)(3)

4    (2016).

5    <u>Requirement to Maintain Adequate Service and Maintenance Records</u>

6    21.    40 C.F.R. § 82.166(k) (2016) requires that owners and operators of refrigeration

7    appliances normally containing fifty or more pounds of Refrigerant must keep records of any

8    service to the appliance.  These records must document the date and type of service, as well as

9    the quantity of Refrigerant added.

10    <u>Requirement to Have Certified Recovery or Recycling Equipment</u>

11    22.    40 C.F.R. § 82.156(b) (2016) requires that all persons opening appliances except

12    for small appliances, motor-vehicle air conditioners ("MVACs") and MVAC-like appliances for

13    maintenance, service, or repair must have at least one piece of certified, self-contained recovery

14    or recycling equipment available at their place of business.

15    23.    "Self-contained recovery equipment" means Refrigerant recovery or recycling

16    equipment that is capable of removing the Refrigerant from an appliance without the assistance

17    of components contained in the appliance.  40 C.F.R. § 82.152 (2016).

18    <u>Requirement to Have Certified Technicians Perform Maintenance, Service, and Repairs</u>

19    24.    40 C.F.R. § 82.161(a) (2016) requires that all Refrigerant technicians must be

20    certified by an approved technician certification program.

21    25.    A "technician" is "any person who performs maintenance, service, or repair, that

22    could be reasonably expected to release refrigerants from appliances, except for MVACs, into

23    the atmosphere." 40 C.F.R. § 82.152 (2016).  Technician includes "installers, contractor

1     employees, in-house service personnel, and in some cases owners and/or operators." Id.

2     Activities "could be reasonably expected to release refrigerants only if the activity is reasonably

3     expected to violate the integrity of the refrigerant circuit," such as "attaching and detaching

4     hoses and gauges to and from the appliance to add or remove refrigerant or to measure pressure

5     and adding refrigerant to and removing refrigerant from the appliance." Id.

6     Enforcement and Penalties

7     26.     Section 113(b)(2) of the CAA, 42 U.S.C. § 7413(b)(2), authorizes the United

8     States to commence a civil action for a permanent or temporary injunction, and to assess civil

9     penalties of not more than $25,000 per day for each violation, whenever a person has violated or

10     is in violation of any requirement or prohibition of Title VI of the CAA, including, but not

11     limited to, a requirement or prohibition of any rule, order, waiver or permit promulgated, issued

12     or approved under the CAA.

13     27.     Section 113(b) of the CAA, 42 U.S.C. § 7413(b), as modified by the Debt

14     Collection Improvements Act of 1996, 31 U.S.C. § 3701, as implemented by the Civil Monetary

15     Penalties Inflation Rule, 40 C.F.R. Part 19, establishes maximum civil penalties for violations of

16     the CAA.  The maximum civil penalty per day per violation of the CAA is $37,500 for violations

17     occurring after January 12, 2009 and on or before November 2, 2015, and effective January 16,

18     2018, $97,229 per day per violation of the CAA for violations occurring after November 2, 2015.

19     42 U.S.C. § 7413(b) and 40 C.F.R. § 19.4.

20     GENERAL ALLEGATIONS

21     28.     Chlorodifluoromethane or HCFC-22, also known as R-22, is a Class II ozone-

22     depleting substance within the meaning of Section 601(4) of the CAA, 42 U.S.C. § 7671(4), and

23     is listed at 40 C.F.R. Part 82, Subpart A, Appendix B.

1    29.    Pursuant to an Information Request issued under CAA Section 114, 42 U.S.C.

2    § 7414, EPA obtained information from Trident concerning its compliance with Subchapter VI

3    of the CAA, 42 U.S.C. §§ 7671-7671q, at its vessels and facilities, through March 31, 2016.

4    <u>Defendants' Vessels and Facilities</u>

5    30.    Defendant Trident owns and operates at least ten seafood processing plants in

6    Alaska, and additional plants in the continental United States.  These plants include facilities

7    located in Kodiak, Petersburg, and Sand Point in Alaska, and a facility in Everett, Washington.

8    31.    The Kodiak, Petersburg, and Sand Point facilities contain industrial process

9    refrigeration appliances that employ R-22 as a Refrigerant.  The Petersburg industrial process

10    refrigeration appliance that uses R-22 normally contains a full charge of approximately 100

11    pounds of Refrigerant and is a closed refrigeration system, the operation of which does not

12    consume Refrigerant.

13    32.    During all or most of the time period between March 1, 2009 and the present,

14    Defendant Trident owned and operated at least thirty-three vessels off the coast of Alaska and

15    the Pacific Northwest, including, as relevant here, the following twenty-seven vessels: the *Alaska*

16    *Packer*, the *Arcturus*, the *Balaena*, the *Barbara J*, the *Billikin*, the *Brittany*, the *Cape Calm*, the

17    *Cape St. John*, the *Eastern Wind*, the *Entrance Point*, the *Farwest Leader*, the *Four Daughters*,

18    the *Hallo Bay*, the *Independence*, the *Island Enterprise*, the *Kodiak Enterprise*, the *Last Frontier*,

19    the *Majesty*, the *Northern Ram*, the *Northern Patriot*, the *Pacific Ram*, the *Perseverance*, the

20    *Pribilof*, the *Seattle Enterprise*, the *Southern Wind*, the *Sovereignty*, and the *Wide Bay*.

21    33.    During all or most of the time period between March 1, 2009 and the present,

22    Defendant Royal Viking, Inc. owned, and Trident operated at least five vessels off the coast of

23    Alaska and the Pacific Northwest, including, as relevant here, the *Columbia,* the *Pacific Viking*,

1    the *Royal Viking*, and the *Viking Explorer*.

2          34.     During all or most of the time period between March 1, 2009 and the present,

3    Defendant Golden Dawn, LLC. owned, and Trident operated the vessel *Golden Dawn* off the

4    coast of Alaska and the Pacific Northwest.

5          35.     The *Alaska Packer* and *Pribilof* are no longer part of Defendant Trident's fleet;

6    the rest of the vessels listed in the preceding Paragraphs 32 through 34 remain in service.

7          36.     During all or most of the time period between March 1, 2009, and the present, all

8    of the thirty-two vessels listed in Paragraph 32 through 34 carried one or more industrial process

9    refrigeration appliances, within the meaning of 40 C.F.R. §§ 82.152 and 82.156(j) (2016), that

10   were owned or operated by Defendants and that normally contained a full charge of at least fifty

11   pounds of R-22. In addition, the *Pribilof* vessel also carried a commercial refrigeration appliance

12   that normally contained at least fifty pounds of R-22.

13         37.     On information and belief, subject to a reasonable opportunity for further

14   investigation and discovery, all of the industrial process refrigeration appliances in the preceding

15   Paragraphs 32 through 34 operated as closed refrigeration systems, the operation of which does

16   not consume Refrigerant.

17         38.     On information and belief, subject to a reasonable opportunity for further

18   investigation and discovery, during all times relevant to this Complaint, Defendants did not

19   submit plans to retrofit or retire any of the refrigeration appliances at any of the vessels or

20   facilities described in the preceding paragraphs, and did not subject any of the appliances to an

21   industrial process shutdown or mothballing, as defined in 40 C.F.R. § 82.152 (2016).  Therefore,

22   during all times relevant to the Complaint each of the appliances referenced herein was thus

23   subject to the regulations codified at 40 C.F.R. Part 82, Subpart F, 40 C.F.R. §§ 82.150-82.169

1    ("Recycling and Emissions Reduction").

2
3                           **FIRST CLAIM FOR RELIEF**
4    **Failure to Repair Leaks on Commercial and Industrial Process Refrigeration Appliances**
5    **in Violation of 40 C.F.R. §§ 82.156(i)(1), (i)(2), and (i)(9) (2016), against Defendant Trident**

6          39.    Paragraphs 1 through 38 of the Complaint are incorporated by reference as if fully

7    set forth herein.

8          40.    On various occasions between March 1, 2009 and March 31, 2016, Defendant

9    Trident added Refrigerant to the *Pribilof*'s commercial refrigeration appliance and should have

10   discovered that the appliance was leaking at a rate such that the loss of Refrigerant would exceed

11   35 percent of its total charge during a twelve-month period.

12         41.    On numerous occasions between March 1, 2009, and the present, Defendant

13   Trident added Refrigerant to industrial process refrigeration appliances on board the *Alaska*

14   *Packer*, the *Brittany*, the *Entrance Point*, the *Four Daughters*, the *Independence*, the *Island*

15   *Enterprise*, the *Kodiak Enterprise*, the *Last Frontier*, the *Seattle Enterprise*, and the *Wide Bay*,

16   and should have discovered that the relevant appliance was leaking at a rate such that the loss of

17   Refrigerant would exceed thirty-five percent of its total charge during a twelve-month period.

18         42.    On the occasions noted in Paragraphs 40 and 41, Defendant Trident did not repair

19   the leaks in such a way as to bring the leak rate below thirty-five percent within thirty days of

20   when the leak was or should have been discovered, as required by 40 C.F.R. §§ 82.156(i)(1),

21   (i)(2), and (i)(9) (2016).

22         43.    As a result of Defendant Trident's failure to repair the leaks as described above,

23   the leak rate remained above thirty-five percent at the *Pribilof* vessel for at least fifty-eight days

24   beyond the thirty-day repair period prescribed by 40 C.F.R. § 82.156(i)(9) (2016), and the leak

25   rate in the nine vessels listed in Paragraph 41 remained above thirty-five percent for a total of at

1  least 3,234 days beyond the thirty day repair period.  Each day beyond the thirty day repair

2  period that Defendant Trident failed to bring the annual leak rate of an appliance below thirty-

3  five percent is a violation of 40 C.F.R. §§ 82.156(i)(1) and (i)(9) (2016) (for commercial

4  appliances) and 40 C.F.R. §§ 82.156(i)(2) and (i)(9) (2016) (for industrial process refrigeration

5  appliances).

6  44.    Defendant Trident is liable for injunctive relief and the assessment of civil

7  penalties in an amount up to the level set forth at 40 C.F.R. § 19.4 per day for each violation of

8  Section 112(r)(7) of the Act, 42 U.S.C. § 7412(r)(7). The maximum civil penalty per day per

9  violation of the CAA is $37,500 for violations occurring after January 12, 2009 and on or before

10  November 2, 2015, and effective January 16, 2018, $97,229 per day per violation of the CAA for

11  violations occurring after November 2, 2015.

12  **SECOND CLAIM FOR RELIEF**
13  **Failure to Perform Initial and Follow-up Verification Tests on Leaking Industrial Process**
14  **Refrigeration Appliances, in Violation of 40 C.F.R. § 82.156(i)(3) (2016), against**
15  **Defendants Trident and Royal Viking, Inc.**

16  45.    Paragraphs 1 through 38 of the Complaint are incorporated by reference as if fully

17  set forth herein.

18  46.    On at least sixty-six occasions between March 1, 2009 and March 31, 2016,

19  Defendants Trident and/or Royal Viking, Inc. repaired a leak to an industrial process

20  refrigeration appliance without conducting an initial verification test or without conducting a

21  follow-up verification test. These failures to conduct verification tests occurred at the following

22  facilities or vessels: the *Alaska Packer*, the *Balaena*, the *Brittany*, the *Cape Calm*, the *Cape St*

23  *John*, the *Entrance Point*, the *Four Daughters*, the *Hallo Bay*, the *Independence*, the *Island*

24  *Enterprise*, the *Kodiak Enterprise*, the *Last Frontier*, the *Majesty*, the *Northern Patriot*, the

25  *Seattle Enterprise*, the *Southern Wind*, the *Wide Bay*, and the Petersburg facility (all owned and

1  operated by Trident), and the *Viking Explorer* (owned by Royal Viking, Inc. and operated by

2  Trident).

3        47.    On each of the occasions alleged in Paragraph 46, at the time of the repair the

4  relevant appliance was leaking at a rate such that the loss of Refrigerant would exceed thirty-five

5  percent of the total charge during a twelve-month period.

6        48.    Each such failure by Defendants Trident and Royal Viking, Inc. to conduct an

7  initial verification test or follow-up verification test is a violation of 40 C.F.R. § 82.156(i)(3)

8  (2016).

9        49.    Defendants Trident and Royal Viking, Inc. are liable for injunctive relief and the

10  assessment of civil penalties in an amount up to the level set forth at 40 C.F.R. § 19.4 per day for

11  each violation of Section 112(r)(7) of the Act, 42 U.S.C. § 7412(r)(7). The maximum civil

12  penalty per day per violation of the CAA is $37,500 for violations occurring after January 12,

13  2009 and on or before November 2, 2015, and effective January 16, 2018, $97,229 per day per

14  violation of the CAA for violations occurring after November 2, 2015.

15                                      **THIRD CLAIM FOR RELIEF**
16  **Failure to Maintain Servicing Records, in Violation of 40 C.F.R. § 82.166(k) (2016), against**
17  **all Defendants**

18        50.    Paragraphs 1 through 38 of the Complaint are incorporated by reference as if fully

19  set forth herein.

20        51.    On at least 289 occasions between March 1, 2009 and March 31, 2016,

21  Defendants performed service on appliances normally containing fifty or more pounds of

22  Refrigerant and failed to maintain a complete record documenting the date and type of service, as

23  well as the quantity of Refrigerant added.  These failures to maintain complete records occurred

24  in the Everett facility, as well as on board the following vessels: the *Alaska Packer*, the *Arcturus*,

25  the *Balaena*, the *Barbara J*, the *Billikin*, the *Brittany*, the *Cape Calm*, the *Cape St John*, the

1   *Eastern Wind*, the *Entrance Point*, the *Farwest Leader*, the *Four Daughters*,, the *Hallo Bay*, the

2   *Independence*, the *Island Enterprise*, the *Kodiak Enterprise*, the *Last Frontier*, the *Majesty*, the

3   *Northern Patriot*, the *Northern Ram*, the *Pacific Ram*, the *Perseverance*, the *Pribilof*, the *Seattle*

4   *Enterprise*, the *Southern Wind*, the *Sovereignty*, and the *Wide Bay* (all owned and operated by

5   Trident); the *Columbia*, the *Pacific Viking*, the *Royal Viking*, and the *Viking Explorer* (all owned

6   by Royal Viking, Inc. and operated by Trident); and the *Golden Dawn* (owned by Golden Dawn,

7   LLC and operated by Trident).

8        52.   On each of the occasions alleged in Paragraph 51, Defendants' failure to maintain

9   complete service records was a violation of 40 C.F.R. § 82.166(k) (2016).

10        53.   Defendants are liable for injunctive relief and the assessment of civil penalties in

11   an amount up to the level set forth at 40 C.F.R. § 19.4 per day for each violation of Section

12   112(r)(7) of the Act, 42 U.S.C. § 7412(r)(7). The maximum civil penalty per day per violation of

13   the CAA is $37,500 for violations occurring after January 12, 2009 and on or before November

14   2, 2015, and effective January 16, 2018, $97,229 per day per violation of the CAA for violations

15   occurring after November 2, 2015.

16   **FOURTH CLAIM FOR RELIEF**
17   **Failure to Have Certified Recovery or Recycling Equipment, in Violation of 40 C.F.R.**
18   **§ 82.156(b) (2016), against Defendant Trident**

19        54.   Paragraphs 1 through 38 of the Complaint are incorporated by reference as if fully

20   set forth herein.

21        55.   On at least one occasion between March 1, 2009 and March 31, 2016, Defendant

22   Trident performed repairs and service to the *Alaska Packer*'s industrial refrigeration appliance

23   while the vessel was not in port, and without at least one piece of certified, self-contained

24   recovery equipment on board, and while its industrial refrigeration appliance was not equipped

25   with a pump-out unit, in violation of 40 C.F.R. § 82.156(b) (2016).

1   56.     Defendant Trident is liable for injunctive relief and the assessment of civil

2   penalties in an amount up to the level set forth at 40 C.F.R. § 19.4 per day for each violation of

3   Section 112(r)(7) of the Act, 42 U.S.C. § 7412(r)(7). The maximum civil penalty per day per

4   violation of the CAA is $37,500 for violations occurring after January 12, 2009 and on or before

5   November 2, 2015, and effective January 16, 2018, $97,229 per day per violation of the CAA for

6   violations occurring after November 2, 2015.

7                          **FIFTH CLAIM FOR RELIEF**
8   **Maintenance Services Performed by Uncertified Technicians, in Violation of 40 C.F.R.**
9                      **§ 82.161 (2016), against Defendant Trident**

10   57.     Paragraphs 1 through 38 of the Complaint are incorporated by reference as if fully

11   set forth herein.

12   58.     On information and belief, subject to a reasonable opportunity for further

13   investigation and discovery, on numerous occasions between March 1, 2009 and March 31,

14   2016, maintenance, service, and/or repair work was performed on industrial process refrigeration

15   appliances on board the *Island Enterprise* and the *Kodiak Enterprise*, and at the Kodiak and Sand

16   Point facilities (all owned and operated by Defendant Trident) that could reasonably be expected

17   to release Refrigerant from those appliances.

18   59.     The maintenance, service, and/or repair work identified in Paragraph 58 was

19   performed by at least nine individuals who were "technicians," as defined in 40 C.F.R. § 82.152

20   (2016), and who were not certified by an approved technician certification program under the

21   requirements of 40 C.F.R. § 82.161(a) (2016).

22   60.     Each uncertified technician performing maintenance, service, and/or repair work

23   that could reasonably be expected to release Refrigerant from appliances is a violation of 40

24   C.F.R. § 82.161(a) (2016).

25   61.     Defendant Trident is liable for injunctive relief and the assessment of civil

1  penalties in an amount up to the level set forth at 40 C.F.R. § 19.4 per day for each violation of

2  Section 112(r)(7) of the Act, 42 U.S.C. § 7412(r)(7). The maximum civil penalty per day per

3  violation of the CAA is $37,500 for violations occurring after January 12, 2009 and on or before

4  November 2, 2015, and effective January 16, 2018, $97,229 per day per violation of the CAA for

5  violations occurring after November 2, 2015.

6  PRAYER FOR RELIEF

7      WHEREFORE, Plaintiff, the United States of America, prays that this Court will:

8      A.    Order Defendants Trident Seafoods Corporation, Royal Viking, Inc., and Golden

9  Dawn, LLC to immediately comply with the CAA statutory and regulatory requirements cited in

10  this Complaint;

11      B.    Assess civil penalties against Defendants for up to the maximum amounts

12  provided in the applicable statutes;

13      C.    Impose such injunctive relief on Defendants as may be appropriate to mitigate the

14  effects of Defendants' violations, and prevent any future violations of same;

15      D.    Award the United States its costs and expenses incurred in this action; and

16      E.    Grant such other relief and further relief as this Court may deem appropriate.

17      Respectfully submitted,
18
19      NATHANIEL DOUGLAS
20      Deputy Chief
21      Environmental Enforcement Section
22
23
24
25      JOHN BRODERICK
26      DANICA ANDERSON GLASER
27      Trial Attorneys
28      Environmental Enforcement Section
29      Environment and Natural Resources Division
30      United States Department of Justice

1    P.O. Box 7611, Ben Franklin Station
2    Washington, D.C. 20044-7611
3    Tel.: (202) 305-0302
4    Email: John.broderick@usdoj.gov
5    Email: Danica.glaser@usdoj.gov
6
7    Annette L. Hayes
8    United States Attorney
9    Western District of Washington
10
11   Brian Kipnis
12   Assistant United States Attorney
13   Western District of Washington
14
15
16   Of Counsel:
17   Brett S. Dugan
18   Assistant Regional Counsel
19   Office of Regional Counsel
20   United States Environmental Protection Agency, Region 10