IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No.  2:19-cv-231 |
| v. | ) |
| | ) CONSENT DECREE |
| | ) |
| Trident Seafoods Corporation, | ) |
| Royal Viking, Inc., and | ) |
| Golden Dawn, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

## Table of Contents

I.      JURISDICTION AND VENUE................................... 2
II.     APPLICABILITY............................................ 2
III.    DEFINITIONS.............................................. 7
IV.     CIVIL PENALTY........................................... 11
V.      COMPLIANCE REQUIREMENTS................................. 13
VI.     RETROFITS OF LARGE APPLIANCES WITH A FULL CHARGE OF 5,000
        OR MORE POUNDS OF CLASS I OR CLASS II REFRIGERANT....... 26
VII.    SUPPLEMENTAL ENVIRONMENTAL PROJECT...................... 27
VIII.   ANNUAL REFRIGERANT LOSS CAP PROGRAM..................... 30
IX.     THIRD PARTY VERIFICATION................................ 38
X.      APPROVAL OF DELIVERABLES................................ 46
XI.     REPORTING REQUIREMENTS.................................. 47
XII.    PETITIONS............................................... 51
XIII.   STIPULATED PENALTIES.................................... 52
XIV.    FORCE MAJEURE........................................... 59
XV.     DISPUTE RESOLUTION...................................... 61
XVI.    INFORMATION COLLECTION AND RETENTION.................... 63
XVII.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS.............. 65
XVIII.  COSTS .................................................. 67
XIX.    NOTICES................................................. 67
XX.     EFFECTIVE DATE.......................................... 68
XXI.    RETENTION OF JURISDICTION............................... 69
XXII.   MODIFICATION............................................ 69
XXIII.  TERMINATION ............................................ 69
XXIV.   PUBLIC PARTICIPATION.................................... 72
XXV.    SIGNATORIES/SERVICE..................................... 73
XXVI.   INTEGRATION............................................. 73
XXVII.  FINAL JUDGMENT ......................................... 74
XXVIII. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION... 74
XXIX.   APPENDIX................................................ 74

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1          Whereas, Plaintiff United States of America, on behalf of the United States

2     Environmental Protection Agency ("EPA"), has filed a complaint in this action concurrently with

3     this Consent Decree, alleging that Defendants Trident Seafoods Corporation ("Trident"), Royal

4     Viking, Inc., and Golden Dawn, LLC, violated regulations set forth in 40 C.F.R. Part 82, Subpart

5     F, and promulgated by EPA pursuant to Title VI of the Clean Air Act ("CAA" or "Act"), 42

6     U.S.C. §§ 7671-7671q;

7          Whereas, pursuant to an Information Request issued under CAA Section 114, 42 U.S.C.

8     § 7414, EPA obtained information from Trident concerning its compliance with Title VI of the

9     CAA, 42 U.S.C. §§ 7671-7671q, at its vessels and facilities through March 31, 2016;

10         Whereas, the Complaint against Defendants alleges that Defendants have failed to

11    comply with Title VI of the CAA, and the regulations set forth in 40 C.F.R. Part 82, Subpart F,

12    because they failed to repair leaks in their commercial and industrial process refrigeration

13    appliances, failed to perform initial and/or follow-up verification tests on leaking industrial

14    process refrigeration appliances, did not maintain adequate records of service performed on their

15    appliances, did not have legally required, certified refrigerant recovery or recycling equipment,

16    and had service performed on their refrigeration appliances by uncertified technicians;

17         Whereas, the Parties recognize, and the Court by entering the Consent Decree finds, that

18    the Consent Decree has been negotiated by the Parties in good faith and will avoid litigation

19    between the Parties and that the Consent Decree is fair, reasonable, and in the public interest.

20         NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED,

21    ORDERED, AND DECREED as follows:

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1

1                  I.      JURISDICTION AND VENUE

2      1.      This Court has jurisdiction over the subject matter of this action, pursuant to

3 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and

4 over the Parties. Venue lies in this District pursuant to Section 113(b) of the CAA, 42 U.S.C.

5 § 7413(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because Defendants Trident Seafoods

6 Corporation, Royal Viking, Inc. and Golden Dawn, LLC reside and maintain corporate

7 headquarters in this judicial district and all Defendants are doing business in this judicial district.

8 For purposes of the Decree, or any action to enforce the Decree, Defendants consent to the

9 Court's jurisdiction over the Decree and any such action and over Defendants and consent to

10 venue in this judicial district.

11      2.      For purposes of the Consent Decree, Defendants agree that the Complaint states

12 claims upon which relief may be granted pursuant to Sections 113(b) and 608 of the CAA, 42

13 U.S.C. §§ 7413(b) and 7671g.

14                  II.      APPLICABILITY

15      3.      The obligations of the Consent Decree apply to and are binding upon the United

16 States and upon Defendants and any successors, assigns, or other entities or persons otherwise

17 bound by law.

18      4.      The following procedures shall govern transfers of ownership and/or operation of

19 Obligated Vessels, and any attempt to transfer ownership and/or operation of an Obligated

20 Vessel without complying with this Paragraph constitutes a violation of this decree.

21          a.      At least sixty (60) Days before any transfer of ownership and/or operation

22 of an Obligated Vessel, relevant Defendants shall advise the person to whom Defendants intend

23 to transfer ownership and/or operation of an Obligated Vessel (Transferee) in writing of the

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

2

1    existence of this Consent Decree and provide a copy of this Consent Decree to the Transferee,

2    and shall simultaneously provide the United States in accordance with Section XIX (Notices) of

3    this Consent Decree with a copy of such written notification as well as the proposed transfer

4    agreement.

5              b.        In their notice to the United States, Defendants shall indicate whether they

6    intend to request: (1) to be relieved of the obligations of the Consent Decree with respect to that

7    Obligated Vessel without a Substitution of the Transferee for the Defendants, pursuant to

8    Paragraph 5.a below; or (2) to substitute the Transferee for the Defendants in this Consent

9    Decree as to obligations concerning the transferred Obligated Vessel (a Substitution), pursuant to

10   Paragraph 5.b below; or (3) to remain responsible for compliance with this Consent Decree as to

11   the transferred Obligated Vessel pursuant to Paragraph 5.c below.

12             c.        The Defendants shall give EPA the opportunity to inspect the to-be-

13   transferred Obligated Vessel.

14        5.        Defendants shall be relieved of their obligations under this Consent Decree as to

15   the transferred Obligated Vessel only where the following requirements of Paragraphs 5.a or 5.b

16   below are satisfied.

17             a.        <u>Relief from Consent Decree Obligations without a Substitution.</u>

18   Defendants may be relieved from the obligations in this Consent Decree without a Substitution

19   only where the relevant Defendant:

20                  (1)    Transfers both ownership and operation of the Obligated Vessel to an

21   entity that is not related to the Defendants; and

22

23

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1                (2)   Demonstrates and certifies that all Large Appliances at the Obligated

2   Vessel being transferred have been retrofitted in accordance with Paragraphs 16, 17, 46 and 47

3   below.

4           b.    <u>Substitution of Transferee for Defendants</u>.

5                (1)   A Substitution of the Transferee for Defendants in this Consent Decree

6   may occur only where Defendants transfer both ownership and operation of the Obligated

7   Vessel.

8                (2)   In the notice provided pursuant to Paragraph 4.a seeking a Substitution,

9   Defendants shall provide the United States with information concerning the proposed Transferee

10   and request approval to substitute the Transferee for Defendants with respect to retrofit or

11   retirement obligations pertaining to the Obligated Vessel to be transferred.

12               (3)   Within sixty (60) Days of receiving the notice and request for

13   Substitution in Paragraph 4.a above, the United States will notify Defendants as to whether it

14   will agree to modify the Consent Decree to effectuate the requested Substitution. The United

15   States' approval of a proposed transfer that seeks a Substitution shall not be arbitrarily and

16   capriciously withheld.

17               (4)   The United States, the Defendants, and the Transferee will execute, and

18   the Court must approve, a modification pursuant to Section XXII (Modification) of this Consent

19   Decree that:

20               (i)    Makes the Transferee a party to this Consent Decree;

21               (ii)   Makes the Transferee liable for the retrofit or retirement obligations

22                      of Paragraphs 16-18 and 46-47 applicable to the Obligated Vessel to

23                      be transferred; and

Consent Decree:                                  UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*          Environment and Natural Resources Division
                                                P.O. Box 7611, Washington, DC 20044-7611
4                                               (202) 305-0302

1                (iii)   Relieves the Defendants of their liability under this Consent Decree

2                          for all obligations and liabilities applicable to the Obligated Vessel

3                          to be transferred.

4         c.     Transfer without Relieving Defendants of Consent Decree Obligations or

5 a Substitution. Where Defendants transfer either ownership and/or operation of an Obligated

6 Vessel but are not relieved of responsibility for compliance with this Consent Decree pursuant to

7 Paragraph 5.a above, or a Substitution does not occur pursuant to Paragraph 5.b above,

8 Defendants shall remain responsible for compliance with this Consent Decree and the Transferee

9 shall be added as a Defendant through modification of this Consent Decree under Section XXII

10 (Modification) of this Consent Decree.

11         6.     Facilities and Vessels other than Obligated Vessels. For Facilities and Vessels

12 other than Obligated Vessels, Defendants shall give written notice of this Consent Decree to any

13 successors in interest to the owners and/or operators of any Facility or Vessel at least thirty (30)

14 Days prior to the transfer of ownership or operation of any portion of a Facility or Vessel, and

15 shall simultaneously provide a copy of this Consent Decree to any such Transferee unless the

16 Transferee is also a Defendant under this Consent Decree. Defendants shall notify the United

17 States of any Transfer at least sixty (60) Days prior to any such transfer, in accordance with

18 Section XIX (Notices) of this Consent Decree. Defendants may be relieved from the obligations

19 in this Consent Decree as to the transferred Facility or Vessel only, without a Substitution, only

20 where Defendants:

21         a.     Transfer both ownership and operation of the Facility or Vessel to an

22 entity that is not related to the Defendants;

23         b.     Demonstrate and certify that at the time of the transfer:

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

5

1              (1)   None of the Large Appliances in the Facility or Vessel have a leak rate

2   in excess of the applicable leak repair threshold in 40 C.F.R. §§ 82.156(i) or 82.157;

3              (2)   Any refrigerant leaks from any Large Appliances in the Facility or

4   Vessel discovered via the most recent comprehensive leak inspection conducted in accordance

5   with Paragraph 29 or leak inspection conducted in accordance with Paragraphs 35 through 37

6   have been repaired in accordance with Paragraph 39; and

7              (3)   If required by Paragraph 31, Defendants have installed Fixed Leak

8   Detection Systems in the Facility or Vessel and added fluorescent dye to all Large Appliances in

9   the Facility or Vessel in accordance with Paragraphs 31 and 32; and

10          c.      Give EPA the opportunity to inspect the to-be-transferred Facility or

11  Vessel, as well as sixty (60) Days of notice to confirm that the requirements of Paragraph 6.b

12  above are satisfied.

13      7.      Vessels subject to Section VII (Supplemental Environmental Project) shall not be

14  transferred prior to being retrofitted in accordance with Paragraph 48. If a Vessel subject to

15  Section VII (Supplemental Environmental Project) has been retrofitted in accordance with

16  Paragraph 48, Defendants may be relieved of obligations under the Consent Decree for that

17  Vessel only if Defendants transfer the Vessel in compliance with the procedures set forth in

18  Paragraph 6 above.

19      8.      Transfer of a Facility or Vessel under Paragraphs 4 through 7 above shall not

20  release the Defendants from any obligation under this Consent Decree that is not specific to the

21  transferred Facility or Vessel, including the obligations set forth in Sections IV (Civil Penalty),

22  VIII (Annual Refrigerant Loss Cap Program), and XIII (Stipulated Penalties), and all obligations

1    in Sections V (Compliance Requirements), VI (Retrofits), and XI (Reporting Requirements) with

2    respect to any other Vessels.

3        9.        Defendants shall provide a copy in paper or electronic form of the Consent

4    Decree to all officers, employees, and agents whose duties might reasonably include compliance

5    with any provision of the Decree, as well as to any contractor retained to perform work required

6    under the Consent Decree, and any Auditor(s) hired pursuant to Section IX (Third Party

7    Verification). Defendants shall condition any such contract upon performance of the work in

8    conformity with the terms of the Consent Decree.

9        10.       In any action to enforce the Consent Decree, Defendants shall not raise as a

10   defense the failure by any of their officers, directors, employees, agents, contractors, or Auditors,

11   to take any actions necessary to comply with the provisions of the Consent Decree.

12                              III.    DEFINITIONS

13       11.       Terms used in the Consent Decree that are defined in the CAA or in regulations

14   promulgated pursuant to the CAA shall have the meanings assigned to them in the CAA or such

15   regulations, unless otherwise provided in the Decree. Whenever the terms set forth below are

16   used in the Consent Decree, the following definitions shall apply:

17               a.      "Audit" shall mean a third-party audit as described in Section IX.

18               b.      "Auditor" shall mean an independent third-party auditor selected and

19   approved pursuant to Section IX.

20               c.      "Audit Finding" shall mean each way in which any document, record,

21   report, diagram, test, system, review, evaluation, policy, practice, plan, training, procedure,

22   personnel, equipment, or other item, action, or omission at a Vessel or Facility deviates from, or

23

Consent Decree:                                    UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*             Environment and Natural Resources Division
                                                   P.O. Box 7611, Washington, DC 20044-7611
                            7                           (202) 305-0302

1   does not comply and conform with this Consent Decree and with the portions of Appendix A that

2   address compliance with 40 C.F.R. Part 82, Subpart F.

3       d.      "Class I or Class II refrigerant" shall mean "Class I" or "Class II" ozone

4   depleting substances as those terms are defined in 40 C.F.R. § 82.152.

5       e.      "Complaint" shall mean the complaint filed by the United States in this

6   action.

7       f.      "Component" shall mean a part of the refrigerant circuit within an

8   appliance including, but not limited to, compressors, condensers, evaporators, receivers, and all

9   of its connections and subassemblies.

10      g.      "Consent Decree" or "Decree" shall mean this Consent Decree and all

11  appendices attached hereto.

12      h.      "Covered Refrigerant" shall mean any refrigerant, as defined in

13  40 C.F.R. § 82.152, with the exception of any exempt substitute as defined in 40 C.F.R. §§

14  82.152 and 82.154(a)(1).

15      i.      "Day" shall mean a calendar day unless expressly stated to be a business

16  day. In computing any period of time under the Consent Decree, where the last Day would fall

17  on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the

18  next business day.

19      j.      "Defendants" shall mean Trident Seafoods Corporation, Royal Viking,

20  Inc. and Golden Dawn, LLC, either collectively or individually.

21      k.      "EPA" shall mean the United States Environmental Protection Agency

22  and any of its successor departments or agencies.

23      l.      "Effective Date" shall have the definition provided in Section XX.

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    m. "Extended Lay-up" shall mean a period of time lasting two weeks or

2 longer in which a Vessel is in port, not actively preparing for production operations, and when

3 each Large Appliance is Pumped Down.

4    n. "Facility" or "Facilities" shall mean all land based facilities that contain at

5 least one Large Appliance and that are owned or operated by Defendants as of the Effective

6 Date, or which Defendants may acquire during the effective period of this Consent Decree.

7    o. "Fixed Leak Detection System" shall mean a device installed on or near a

8 Large Appliance(s) that is designed, located, and calibrated to detect the escape of Covered

9 Refrigerant from said Large Appliance(s).

10    p. "Full Charge" shall mean the amount of Covered Refrigerant required for

11 normal operating characteristics and conditions of a Large Appliance, as determined in

12 accordance with 40 C.F.R. § 82.152. For Large Appliances with a Full Charge greater than 5,000

13 pounds of Covered Refrigerant, Defendants shall determine the Full Charge in accordance with

14 method (3) described under "Full Charge" in 40 C.F.R. § 82.152. For Large Appliances with a

15 Full Charge between 50 and 5,000 pounds of Covered Refrigerant, if Defendants have actual

16 measurements of the amount of refrigerant added to or evacuated from the appliance, including

17 for Seasonal Variances, they shall use method (3); otherwise, they shall use method (2) described

18 under 40 C.F.R. § 82.152.

19    q. "Large Appliance" shall mean any industrial process refrigeration or

20 commercial refrigeration equipment, as defined in 40 C.F.R. § 82.152, that "normally contains"

21 (as defined in 40 C.F.R. § 82.152) more than 50 pounds of Covered Refrigerant.

22    r. "Medium Appliance" shall mean any appliance that "normally contains"

23 (as defined in 40 C.F.R. § 82.152) between 5 and 50 pounds of Covered Refrigerant.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

9

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1                s.        "Obligated Vessel" shall mean a Vessel with Large Appliances subject to

2   retrofit or retirement obligation under Paragraphs 16-17 and 46-47 of this Consent Decree.

3                t.        "Paragraph" shall mean a portion of the Decree identified by an Arabic

4   numeral.

5                u.        "Parties" shall mean the United States and Defendants.

6                v.        "Plate Freezer" shall mean freezers designed for freezing of products

7   packed in pans that are pressed between plates in which refrigerant circulates through channels

8   within the plates.

9                w.       "Pumped Down" shall mean when liquid refrigerant is moved internally

10   within the appliance from system evaporators to be stored in the high side of the system or in

11   other system Components to minimize potential refrigerant loss. An appliance Component is

12   Pumped Down if refrigerant has been evacuated from the Component to the maximum extent

13   possible, taking into consideration equipment availability and the limitations of the appliance in

14   which the Component is a part.

15               x.        "Pumped-out and Isolated Component" shall mean a Component of an

16   appliance from which Defendants have evacuated refrigerant to the levels specified in

17   40 C.F.R. § 82.156, Table 1, and which is physically prevented from containing refrigerant

18   through use of a valve, flange, or other device. A Pumped-out and Isolated Component shall not

19   include the valve, flange, or other device used to prevent the Component from containing

20   refrigerant.

21               y.        "Replacement Refrigerant" shall mean R-448A or any other refrigerant

22   approved by EPA pursuant to Section XII (Petitions).

23

Consent Decree:                                                 UNITED STATES DEPARTMENT OF JUSTICE
*United States v. Trident Seafoods, et. al.*               Environment and Natural Resources Division
                                                     P.O. Box 7611, Washington, DC 20044-7611
10                                    (202) 305-0302

1        z.     "Refrigerant Compliance Plan," "Plan," or "RCP" shall mean the

2    Defendant's Refrigerant Compliance Plan attached as Appendix A to this Consent Decree and

3    any revisions made pursuant to Paragraphs 21 through 26 of this Decree.

4        aa.    "Seasonal Variance," except as pertaining to Section VIII (Annual

5    Refrigerant Loss Cap Program), shall mean the removal of refrigerant from an appliance due to a

6    change in ambient conditions caused by a change in season, followed by the subsequent addition

7    of an amount that is less than or equal to the amount of refrigerant removed in the prior change

8    in season, where both the removal and addition of refrigerant occurs within one consecutive 12-

9    month period.

10        bb.    "Section" shall mean a portion of the Decree identified by a roman

11    numeral.

12        cc.    "Third Party" shall mean any entity that is not a Defendant, an affiliated

13    entity of a Defendant, or the United States.

14        dd.    "United States" shall mean the United States of America, acting on behalf

15    of EPA.

16        ee.    "Vessel" or "Vessels" shall mean all ships, boats or other watercraft that

17    contain at least one Large Appliance and that are owned or operated by Defendants as of the

18    Effective Date, or which Defendants may acquire during the effective period of this Consent

19    Decree.

20                    IV.    CIVIL PENALTY

21        12.    Within thirty (30) Days after the Effective Date, Defendants shall pay the sum of

22    $900,000 as a civil penalty, together with interest accruing from August 7, 2017, at the rate

23    specified in 28 U.S.C. § 1961 as of the date of lodging.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

11

1          13.       Defendants shall pay the civil penalty due via FedWire Electronic Funds Transfer

2    ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to

3    Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for

4    the Western District of Washington after the Effective Date. The payment instructions provided

5    by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which

6    Defendants shall use to identify all payments required to be made in accordance with the

7    Consent Decree. The FLU will provide the payment instructions to:

8          Shawn Stokes
9          Regulatory Affairs Director
10         Trident Seafoods Corporation
11         5303 Shilshole Ave NW
12         Seattle, WA 98107
13         (206) 783-3818
14         sstokes@tridentseafoods.com

15   on behalf of Defendant. Defendants may change the individual to receive payment instructions

16   on their behalf by providing written notice of such change to the United States and EPA in

17   accordance with Section XIX (Notices).

18         At the time of payment, Defendants shall send notice that payment has been made: (i) to

19   EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati Finance

20   Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; (ii) to the United States via

21   email or regular mail in accordance with Section XIX (Notices); and (iii) to EPA in accordance

22   with Section XIX (Notices). Such notice shall state that the payment is for the civil penalty owed

23   pursuant to the Consent Decree in *United States v. Trident Seafoods Corporation* and shall

24   reference the civil action number, CDCS Number and DOJ case number 90-5-2-1-11183.

25         14.       Defendants shall not deduct any penalties paid under the Decree pursuant to this

26   Section or Section XIII (Stipulated Penalties) in calculating their federal income tax.

1               V.     COMPLIANCE REQUIREMENTS

2    **A.    Compliance with Applicable Law**

3           15.     Defendants shall comply with all applicable requirements of Section 608 of the

4    CAA, 42 U.S.C. § 7671g, and its implementing regulations at 40 C.F.R. Part 82, Subpart F.

5    **B.    Retrofits and Retirements of Large Appliances with a Full Charge of between 50**
6    **       and 5,000 pounds of Class I or Class II Refrigerant and of Medium Appliances**

7           16.     Large Appliances with a Full Charge of between 50 and 5,000 pounds of Class I

8    or Class II refrigerant. Consistent with the terms of this Consent Decree, Defendants must retrofit

9    or retire any Large Appliances on the *Entrance Point*, the *Royal Viking*, the *Southern Wind*, the

10   *Northern Ram*, and the *Pacific Viking* to a Replacement Refrigerant or "exempt substitute," as

11   defined in 40 C.F.R. §§ 82.152 & 154(a)(1), by no later than January 31, 2022.

12          17.     Any Large Appliance that does not use a Replacement Refrigerant or an "exempt

13   substitute" that Defendants acquire during the pendency of this Consent Decree to replace any of

14   the Large Appliances on the *Entrance Point, the Royal Viking*, the *Southern Wind*, the *Northern*

15   *Ram*, or the *Pacific Viking*, or to replace the refrigeration capacity of those Vessels, must be

16   retrofitted, within two years of purchase or acquisition, to use a Replacement Refrigerant or an

17   "exempt substitute," as defined in 40 C.F.R. §§ 82.152 and 82.154(a)(1), as its refrigerant.

18          18.     Medium Appliances. Consistent with the terms of this Consent Decree, if

19   Defendants decide to retrofit an existing Medium Appliance or purchase a new Medium

20   Appliance, the Medium Appliance must use a Replacement Refrigerant or an "exempt

21   substitute," as defined in 40 C.F.R. §§ 82.152 and 82.154(a)(1).

22   **C.    Refrigerant Compliance Plan**

23          19.     No later than February 28, 2019, Defendants shall implement the Refrigerant

24   Compliance Plan ("RCP") attached as Appendix A to this Consent Decree, in accordance with

Consent Decree:                                        UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*            Environment and Natural Resources Division
                                                       P.O. Box 7611, Washington, DC 20044-7611
                          13                           (202) 305-0302

1   all provisions and schedules therein. In the event of a conflict between the RCP and the terms of

2   this Consent Decree, the terms of the Decree shall control.

3       20.     Notwithstanding any revisions pursuant to Paragraph 21 Defendants may make to

4   the RCP, the RCP shall at all times include, at a minimum, the following components:

5           a.      Procedures for completing and reporting the results of Comprehensive

6   Leak Tests and Inspections that conform to the requirements of Paragraphs 28 through 30.

7           b.      Procedures for completing and reporting the results of Routine Leak

8   Detection that conform to the requirements of Paragraphs 31 through 33.

9           c.      Procedures for completing and reporting the results of Leak Inspections

10  that conform to the requirements of Paragraphs 34 through 38.

11          d.      A requirement to take appropriate corrective action (including, but not

12  limited to, leak repair) that conforms to the requirements of Paragraph 39 whenever a leak in a

13  Large Appliance is identified.

14          e.      Procedures for tracking leaks of Covered Refrigerant from Plate Freezers

15  that conform to the requirements of Paragraphs 40 and 41.

16          f.      Procedures for employees or contractors to calculate the Full Charge of

17  each Large Appliance in accordance with Paragraph 11.p.

18          g.      Procedures for maintaining original records, as clarified in Paragraph 45,

19  generated in the performance of tasks required by the RCP;

20          h.      Procedures for maintaining fluorescent dye, as applicable, in each Large

21  Appliance;

22          i.      Procedures for keeping records of and, as necessary, reporting to

23  Defendants' senior managers and/or EPA of:

1      (1) All refrigerant purchases for, and any transfers between, additions to,

2 and removals from any Large Appliance;

3      (2) All Covered Refrigerant losses or releases, whether due to leaks or other

4 causes, from Large Appliances;

5      (3) Large Appliance Full Charge determinations;

6      (4) Large Appliance Leak rate calculations, which must use the Annualizing

7 Method described at 40 C.F.R. § 82.152 as option (1) under "Leak Rate";

8      (5) All Leak Inspections required by Paragraphs 34 through 38. For the

9 purposes of keeping records of the Leak Inspections required by Paragraph 34, Defendants shall

10 indicate which Components are Pumped-out and Isolated or Pumped Down;

11      (6) All leak repair attempts, initial and follow-up verification testing of leak

12 repairs, and as needed, retrofit or retirement plans and activities (see 40 C.F.R. §§ 82.156(i)(6);

13 82.157(c), (h), and (i));

14      (7) Each occasion in which a Fixed Leak Detection System required by

15 Paragraph 31 alarms at 100 ppm or higher; and

16      (8) Each addition of fluorescent dye in Large Appliances.

17    j. Modifications to Large Appliances, including documentation of the effect,

18 if any, of the additions or removals of any Components on the appliance's Full Charge.

19    k. A requirement for employee training that, at a minimum, meets the

20 requirements of Paragraphs 42 and 43.

21    l. Identification of responsibilities of individual employees and managers at

22 different levels, as well as contractors, with regard to Large Appliances and service activities,

23 refrigerant management, recordkeeping and reporting.

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1          m.     A method to calculate the amount of refrigerant lost from each Large

2  Appliance that incorporates the following principles:

3          (1)   Refrigerant loss calculations shall take into account leaks in appliances,

4  human error in operating appliances, or intentional venting of an appliance.

5          (2)   Refrigerant that is added to an appliance to return it to normal operating

6  characteristics and conditions shall be assumed to replace refrigerant lost, except when added as

7  a result of a Seasonal Variance.

8          n.     Any other requirement that is necessary to maintain compliance with all

9  applicable requirements of Section 608 of the Clean Air Act, 42 U.S.C. § 7671g, and its

10  implementing regulations at 40 C.F.R. Part 82, Subpart F.

11     21.   Beginning January 1, 2019, Defendants shall review the RCP at least annually and

12  revise it as necessary to comply with Paragraphs 15 and 20, as part of a Corrective Action Plan

13  submitted pursuant to Paragraph 66, or as necessary to account for changes in technology or

14  circumstances. Defendants shall submit the revised RCP in accordance with Section XI

15  (Reporting) of this Decree and shall implement all revisions, unless EPA takes action pursuant to

16  Paragraph 22.a or 22.b below.

17     22.   The revised RCP is subject to EPA's review and disapproval. After reviewing the

18  RCP, EPA may take any of the following actions:

19          a.     Disapprove, in writing, the RCP, in whole or in part;

20          b.     Provide edits, in writing, to the RCP; or

21          c.     Take no action.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

16

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1       23.     If EPA disapproves the revised RCP in whole or in part pursuant to Paragraph

2    22.a, Defendants shall, within forty-five (45) Days or such other time as the Parties agree to in

3    writing, correct all deficiencies and resubmit the revised RCP, or disapproved portion thereof.

4       24.     If EPA disapproves the revised RCP in part pursuant to Paragraph 22.a, then for

5    other sections of the revised RCP that EPA determines are technically severable from any

6    disapproved portions Defendants shall, upon written direction from EPA, take all actions

7    required by the portions of the revised RCP that the EPA has not disapproved, subject to

8    Defendants' right to dispute only the disapproved portions, under Section XV (Dispute

9    Resolution).

10       25.     If EPA provides edits pursuant to Paragraph 22.b, Defendants shall, within forty-

11    five (45) Days or such other time as the Parties agree to in writing, incorporate EPA's edits and

12    resubmit the revised RCP.

13       26.     If the revised RCP resubmitted pursuant to Paragraphs 23 or 25, or portion

14    thereof, is disapproved in whole or in part, or does not incorporate EPA's edits, EPA may again

15    require Defendants to correct any deficiencies or incorporate edits in accordance with Paragraph

16    22.a or 22.b, subject to Defendants' right to invoke Dispute Resolution and the right of EPA to

17    seek stipulated penalties.

18       27.     Any stipulated penalties applicable to the original RCP submission, as provided in

19    Section XIII, shall accrue during the forty-five (45) Day or other specified period set forth in

20    Paragraph 23 or 25, but shall not be payable unless the resubmission is untimely or is

21    disapproved in whole or in part; provided that, if the original submission was so deficient as to

22    constitute a material breach of Defendant's obligations under the Decree, any stipulated penalties

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

17

1    demanded that are applicable to the original submission shall be due and payable

2    notwithstanding any subsequent resubmission.

3    **D.    Comprehensive Leak Tests and Inspections**

4        28.    Large Appliances with a Full Charge of 5,000 or more pounds of Class I or Class

5    II refrigerant. At least once each Calendar Year beginning January 1, 2019, Defendants shall

6    evacuate each Large Appliance with a Full Charge of 5,000 or more pounds of Class I or Class II

7    refrigerant to the level specified in 40 C.F.R. § 82.156, Table 1. Defendants shall then pressurize

8    the entire system to a pressure in excess of atmospheric pressure that is sufficient to check for

9    and identify leaks in accordance with Paragraph 37. Each comprehensive leak test and inspection

10   conducted in accordance with this Paragraph shall be conducted at least six months apart from its

11   prior and subsequent test and inspection. Nothing in this Paragraph shall be construed to limit

12   Defendants' ability to conduct additional comprehensive leak tests and inspections beyond those

13   required by this Paragraph.

14       29.    Large Appliances with a Full Charge of between 50 and 5,000 pounds of Class I

15   or Class II refrigerant.

16           a.    At least once every three calendar years beginning January 1, 2019,

17   Defendants shall evacuate each Large Appliance with a Full Charge of between 50 and 5,000

18   pounds of Class I or Class II refrigerant to the level specified in 40 C.F.R. § 82.156, Table 1.

19   Defendants shall then pressurize the entire system to a pressure in excess of atmospheric pressure

20   that is sufficient to check for and identify leaks in accordance with Paragraph 37.

21           b.    In each calendar year in which Defendants do not follow the procedures

22   set forth in Paragraph 29.a, beginning January 1, 2019, Defendants shall conduct a

23   comprehensive leak test and inspection as follows: Defendants shall first inspect the system in an

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

18

1   idle state with pressure equalized in all parts of the system at the ambient temperature. After a

2   full inspection in accordance with Paragraph 37, Defendants shall increase pressure of the system

3   high side to a pressure in excess of idle system pressure that is sufficient to check for and

4   identify leaks and complete an inspection of the system high side in accordance with Paragraph

5   37. The comprehensive leak tests and inspections conducted in accordance with this Paragraph

6   shall be conducted at least six months apart from the prior and subsequent test and inspection.

7   Nothing in this Paragraph shall be construed to limit Defendants' ability to conduct additional

8   comprehensive leak tests and inspections, beyond those required by this Paragraph.

9       30.     Defendants shall report any comprehensive leak tests and inspections undertaken

10  pursuant to Paragraphs 28, 29.a and 29.b above in accordance with Section XI (Reporting

11  Requirements), and shall repair any leaks discovered pursuant to Paragraphs 28, 29.a and 29.b in

12  accordance with the procedures laid out in Paragraph 39.

13  **E.    Routine Leak Detection**

14      31.     Leak Detectors and Fluorescent Dye. Defendants shall install Fixed Leak

15  Detection and add fluorescent dye to Large Appliances:

16          a.      With a Full Charge of 5,000 or more pounds of Class I or Class II

17  refrigerant: by January 1, 2019;

18          b.      With a Full Charge of between 50 and 5,000 pounds of Class I or Class II

19  refrigerant located on a Vessel: when the Vessel is undergoing triennial maintenance in dry dock

20  or by January 31, 2022, whichever is earlier;

21          c.      With a Full Charge of between 50 and 5,000 pounds of Class I or Class II

22  refrigerant located at a Facility: by January 31, 2022; and

23

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1          d.     With a Full Charge greater than 50 pounds of Class I or Class II

2  refrigerant that Defendants install at any Vessel or Facility during the pendency of the Consent

3  Decree: within sixty (60) Days of installation of said appliance.

4       32.    Defendants shall complete the installation of Fixed Leak Detection Systems and

5  the additions of fluorescent dye in accordance with the manufacturer's instructions.

6       33.    Defendants shall calibrate, maintain, and operate each Fixed Leak Detection

7  System while Components in the area covered by the Detection System contain refrigerant,

8  maintain fluorescent dye in each Large Appliance, and maintain an ultraviolet (UV) light at each

9  Vessel and Facility at which Defendants use fluorescent dye. The requirement to operate each

10  Fixed Leak Detection System shall not apply to Fixed Leak Detection Systems located on

11  Vessels during periods of Extended Lay-up if the Vessel is not connected to shore power.

12  **F.**    **<u>Leak Inspections</u>**

13       34.    <u>Large Appliances with a Full Charge of 5,000 or more pounds of Class I or Class</u>

14  <u>II refrigerant on Vessels</u>. Beginning January 1, 2019, for each Large Appliance with a Full

15  Charge of 5,000 or more pounds of Class I or Class II refrigerant at any Vessel or Facility, when

16  each such Large Appliance is charged with refrigerant, Defendants shall conduct inspections on

17  each Component of the Large Appliance, except those Components that are Pumped-out and

18  Isolated or Pumped Down, subject to the limitations of 40 C.F.R. § 82.157(g)(3), on a rolling

19  basis, such that each Component in operation is inspected at least once every fifteen (15) Days in

20  accordance with Paragraph 37. During an Extended Lay-up, Defendants are not required to

21  inspect Components that are Pumped-out and Isolated or Pumped Down. During an Extended

22  Lay-up, Defendants shall inspect any Component which has not been Pumped-out and Isolated

23  or Pumped Down at least once every thirty (30) Days.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

20

1    35.    <u>Large Appliances with a Full Charge of between 50 and 5,000 pounds of Class I</u>

2    <u>or Class II refrigerant</u>. For each Large Appliance with a Full Charge of between 50 and 5,000

3    pounds of Class I or Class II refrigerant on a Vessel, Defendants shall conduct an inspection of

4    each system in accordance with Paragraph 37 at least once per Calendar year beginning January

5    1, 2019. This inspection shall occur, when feasible, prior to pumping the system down before an

6    Extended Lay-up period. For each such Large Appliance at a Facility, Defendants shall conduct

7    inspections of each system in accordance with Paragraph 37 at least once per Calendar year.

8    36.    Beginning January 1, 2019, Defendants shall also conduct inspections of

9    Components in the area of a Fixed Leak Detection System of each Large Appliance with a Full

10   Charge of between 50 and 5,000 pounds of Class I or Class II refrigerant at a Facility or on a

11   Vessel:

12       a.    within 48 hours after the detector alarms at a level of 100 ppm or higher,

13   or, for Vessels that are on an Extended Lay-up, within 96 hours of when Defendants knew or

14   should have known that the detector had alarmed at a level of 100 ppm or higher; and

15       b.    within 48 hours after any addition of Class I or Class II refrigerant,

16   unless:

17           (1)    such addition is to return the Large Appliance to normal operating

18   characteristics and conditions following a comprehensive leak check performed consistent with

19   Paragraph 29; or

20           (2)    a leak inspection and repair is required by 40 C.F.R. § 82.157, in which

21   case the inspection and repair shall be conducted in accordance with 40 C.F.R. § 82.157.

22   37.    For the inspections described in Paragraphs 28, 29, and 34 through 36 above,

23   Defendants shall conduct appropriate inspections by using one of the following methods: halide

1   torch, electronic detector, ultrasonic detector, fluorescent dye/ultraviolet, soapy water, any of the

2   tests named in the definition of "follow-up verification test" included in 40 C.F.R. § 82.152, or

3   any other inspection method that the Parties agree to in writing. The person conducting the

4   inspection on behalf of Defendants shall be trained on how to use the inspection method(s) or

5   work under the direct supervision of a person trained on how to use the inspection method(s).

6          38.    <u>Video Inspections</u>. Beginning January 1, 2019, Defendants shall make video

7   recordings (or series of recordings) on or at each Vessel or Facility with a Large Appliance

8   containing Class I or Class II refrigerant that displays an accurate time-stamp and records, with

9   sufficient detail and clarity, a qualified individual(s) conducting Leak Inspections, Leak Repairs

10   (if applicable), Leak Repair Verifications (if applicable), and the other activities listed in

11   Paragraph 78.b (if applicable) on one or more Large Appliances. Video inspections are to be

12   completed according to the following schedules and additional requirements:

13          a.    Defendants will complete at least one Video Inspection every year at each

14   Vessel or Facility with one or more Large Appliance with a Full Charge of 5,000 or more pounds

15   of Class I or Class II refrigerant. The Video Inspection for these Facilities or Vessels must record

16   the inspections of at least one Large Appliance with a Full Charge of 5,000 or more pounds of

17   Class I or Class II refrigerant and inspections of Plate Freezers, if present.

18          b.    For all Vessels or Facilities with Large Appliances with a Full Charge of

19   between 50 and 5,000 pounds of Class I or Class II refrigerant, Defendants shall complete at

20   least one Video Inspection at each such Vessel or Facility by January 31, 2024 , provided that

21   each year, Defendants will complete Video Inspections on at least five such Vessels or Facilities.

1    **G.    Leak Repair**

2         39.    For each Large Appliance, Defendants shall repair all identified leaks of Class I or

3    Class II refrigerant that are visible and accessible (as those terms are used in 40 C.F.R.

4    § 82.157(g)(3)) regardless of how those leaks are discovered and regardless of the calculated

5    leak rate, within the later of (a) 30 Days; or (b) the applicable deadlines in 40 C.F.R. Part 82,

6    Subpart F. Defendants shall also comply with any and all requirements and deadlines set forth in

7    40 C.F.R. Part 82, Subpart F, pertaining to any leaks of Covered Refrigerant (other than Class I

8    or Class II refrigerant) from a Large Appliance. Defendants shall comply with all other

9    requirements of 40 C.F.R. Part 82, Subpart F, pertaining to these repairs, including performing

10   initial and follow-up verification tests. Defendants shall repair all identified leaks such that the

11   annual leak rate is brought below the applicable annual leak rate established for that type of

12   appliance in 40 C.F.R. Part 82, Subpart F. For purposes of calculating stipulated penalties

13   pursuant to Paragraph 108.d, each Day after 30 Days, or after the applicable deadline in 40

14   C.F.R. Part 82, Subpart F, whichever is later, that the annual leak rate is not brought below the

15   applicable leak rate constitutes a separate violation. Whether the leak repair(s) have brought the

16   leak rate below the applicable leak rate must be confirmed by the leak rate calculation performed

17   upon the next refrigerant addition. The leaks will be presumed to be repaired if there is no further

18   refrigerant addition for twelve (12) months after the repair or if a leak inspection performed

19   consistent with Paragraphs 34 through 37, as applicable, does not find any leaks in the appliance.

20   **H.    Plate Freezer Leak Tracking System**

21        40.    Starting upon the Effective Date, when inspecting each Plate Freezer in

22   accordance with Paragraph 34 above, or any other time when Defendants inspect Plate Freezers

23   for leaks, Defendants shall document the inspection and all leaks found. Such documentation

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

23

1   shall include the leak date and the exact location where the leak was found, including the freezer

2   number, plate number, plate or header fitting, hose number and hose type (liquid or suction), as

3   well as the steps taken to fix the leak (e.g. changing a hose) and any qualitative estimates of

4   refrigerant lost.

5       41.   No later than June 30, 2019, Defendants shall develop and implement a database

6   ("Plate Freezer Leak Database") to store leak-related data obtained during a Plate Freezer

7   inspection. The Plate Freezer Leak Database shall include:

8       a.   Data gathered related to Plate Freezer leaks found on inspections starting

9   upon the Effective Date. If qualitative information on estimated amount of refrigerant lost is

10   documented for a particular leak as part of leak inspection documentation, it shall also be entered

11   into the database.

12       b.   Information retrieval functionality that allows comparison and filtering

13   based on the information required to be tracked pursuant to Paragraph 40.

14       c.   The ability to generate reports, including potential trending information.

15   **I.**    **Training**

16       42.   All employees of Defendants who charge Large Appliances with Covered

17   Refrigerant, remove Covered Refrigerant from Large Appliances, service, inspect, or maintain

18   Large Appliances, or complete records or reports related to Covered Refrigerant, shall undergo

19   training on refrigerant management on at least an annual basis in accordance with the procedures

20   set forth in Appendix A. Initial, annual training for active employees shall be completed no later

21   than February 28, 2019. Any new employees hired or former employees reactivated whose job

22   tasks include duties listed in this paragraph shall undergo training on refrigerant management no

23   later than February 28, 2019, or within sixty (60) Days of the employee's first day of

Consent Decree:                                UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*             Environment and Natural Resources Division
                                         P.O. Box 7611, Washington, DC 20044-7611
24                                     (202) 305-0302

1   employment or reactivation, whichever is later. After initial training is complete, each employee

2   whose job tasks include duties listed in this paragraph shall receive annual training once per

3   calendar year.

4         43.     Such training shall include physical demonstrations, on-line tutorials, on-the-job

5   training, or other training methods, as appropriate to the duties of each employee, and shall

6   address:

7         a.     Relevant legal requirements under Section 608 of the Clean Air Act,

8   42 U.S.C. § 7671g, and its implementing regulations at 40 C.F.R. Part 82, Subpart F;

9         b.     Defendant's policies and procedures as described in the RCP, including, as

10   appropriate, physical demonstrations of conducting leak detection and repair activities using the

11   procedures; and

12        c.     Employees' and contractors' individual responsibilities as described in the

13   RCP.

14   **J.**    **Electronic Records Portal**

15         44.     No later than March 31, 2019, Defendants shall implement an Electronic Records

16   Portal ("Portal") that allows for the electronic availability of all records required under 40 C.F.R.

17   Part 82, Subpart F and the Consent Decree, including all records required by Paragraph 20.i. The

18   Electronic Records Portal shall be a secure, cloud-based system (e.g. Microsoft Sharepoint) that

19   automatically backs up all uploaded files. For each Large Appliance with a Full Charge of

20   between 50 and 5,000 pounds of Covered Refrigerant, Defendants shall ensure that all records

21   are uploaded to the Portal no less frequently than once per month. For each Large Appliance

22   with more than 5,000 pounds of Covered Refrigerant, Defendants shall ensure that records are

23   uploaded to the Portal no less frequently than once per week.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1     45.     Defendants shall maintain all records set forth in Paragraph 44 above in their

2 original form. Defendants may correct errors, or create separate, supplemental records to ensure

3 compliance with the requirements of this Consent Decree and with applicable law, but shall not

4 erase, change, or replace the original records, unless the original entry and the correction are both

5 legible on the original record or, in the case of electronic records, information on any corrections,

6 including the original entry, the revised entry, the reason for the revision, and the date of the

7 revision are noted in the electronic record or in a corrections log. Any supplemental records

8 created must accurately reflect the date and circumstances under which they were created.

9 Original form includes scanned copies of original documents. Any paper records created must be

10 retained pursuant to Paragraph 138 below, even if the document or its content have also been

11 converted to electronic form.

12 VI.     RETROFITS OF LARGE APPLIANCES WITH A FULL CHARGE OF 5,000 OR
13          MORE POUNDS OF CLASS I OR CLASS II REFRIGERANT

14     46.     Consistent with the terms of this Consent Decree, Defendants must retrofit or

15 retire any Large Appliances with a Full Charge of 5,000 or more pounds of Class I or Class II

16 refrigerant on each of the following Vessels in accordance with the following schedule:

| Retrofit or Retirement Date | Vessel |
| --- | --- |
| By January 31, 2022 | Either the Independence or the Island Enterprise |
| By January 31, 2024 | Eastern Wind |
| By January 31, 2026 | Both the Independence and the Island Enterprise |
| By January 31, 2029 | Seattle Enterprise and Kodiak Enterprise |

17 Each Large Appliance that is retrofitted in accordance with this Paragraph shall be retrofitted to

18 use an "exempt substitute," as defined in 40 C.F.R. §§ 82.152 and 82.154(a)(1).

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

26

1      47.     Any Large Appliance Defendants purchase or otherwise acquire during the

2    pendency of this Consent Decree to replace any of the Large Appliances on the Vessels

3    identified in Paragraph 46, or the refrigeration capacity of those Vessels, that does not already

4    use an exempt substitute, must be retrofitted within two (2) years of purchase or acquisition to

5    use an "exempt substitute," as defined in 40 C.F.R. §§ 82.152 and 82.154(a)(1), as its refrigerant.

6          VII.   SUPPLEMENTAL ENVIRONMENTAL PROJECT

7      48.     Defendants shall implement a Supplemental Environmental Project ("SEP"), the

8    SEP Small Vessel Retrofits, in accordance with all provisions of this Section of this Consent

9    Decree. To complete the SEP, Defendants shall retrofit all Large Appliances on the *Aldebaran*,

10   the *Marcy J*, the *Northern Patriot*, and the *Gladiator* (collectively, "SEP Vessels") to a

11   Replacement Refrigerant or "exempt substitute," as defined in 40 C.F.R. §§ 82.152 and

12   154(a)(1). The SEP shall be completed by January 31, 2022, in accordance with the following

13   schedule:

| Retrofit or Retirement Date | Number of SEP Vessels |
|---|---|
| By January 31, 2020 | One SEP Vessel |
| By January 31, 2021 | Three SEP Vessels |
| By January 31, 2022 | Four SEP Vessels |

14      49.     Defendants are responsible for the satisfactory completion of the SEP in

15   accordance with the requirements of this Decree. "Satisfactory completion" means timely

16   completion of retrofits to all Large Appliances in accordance with the schedule described in

17   Paragraph 48 above. Defendants may use contractors or consultants in planning and

18   implementing the SEP.

Consent Decree:
*United States v. Trident Seafoods, et. al.*

27

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1      50.    With regard to the SEP, Defendants certify the truth and accuracy of each of the

2  following:

3          a.    that all cost information provided to EPA in connection with EPA's

4  approval of the SEP is complete and accurate and that Defendants in good faith estimate that the

5  cost to implement the SEP is $955,200;

6          b.    that the Large Appliances described in Paragraph 48 above have never

7  been in violation of the venting prohibitions and leak repair requirements of Section 608 of the

8  CAA and 40 C.F.R. Part 82, Subpart F;

9          c.    that, as of the date of executing this Decree, Defendants are not required to

10  perform or develop the SEP by any federal, state, or local law or regulation and are not required

11  to perform or develop the SEP by agreement, grant, or as injunctive relief awarded in any other

12  action in any forum;

13          d.    that the SEP is not a project that Defendants were planning or intending to

14  construct, perform, or implement other than in settlement of the claims resolved in this Decree;

15          e.    that Defendants have not received and will not receive credit for the SEP

16  in any other enforcement action;

17          f.    that Defendants will not receive any reimbursement for any portion of the

18  SEP from any other person; and

19          g.    that Defendants are not a party to any open federal financial assistance

20  transaction that is funding or could fund the same activity as the SEP described in Paragraph 48.

21  For purposes of these certifications, the term "open federal financial assistance transaction"

22  refers to a grant, cooperative agreement, loan, federally-guaranteed loan guarantee, or other

23  mechanism for providing federal financial assistance whose performance has not yet expired.

Consent Decree:                                UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*        Environment and Natural Resources Division
                                             P.O. Box 7611, Washington, DC 20044-7611
28                                      (202) 305-0302

1      51.   <u>SEP Completion Report</u>. No later than February 28, 2022, Defendants shall

2    submit a SEP Completion Report to the United States, in accordance with Section XIX of this

3    Consent Decree (Notices). The SEP Completion Report shall contain the following information:

4           a.    a detailed description of the SEP as implemented;

5           b.    documentation that the Large Appliances located on the Vessels listed in

6    Paragraph 48 have been retrofitted to use a Replacement Refrigerant or "exempt substitute," as

7    defined in 40 C.F.R. §§ 82.152 and 154(a)(1) by the dates required in Paragraph 48.

8           c.    a description of any problems encountered in completing the SEP and the

9    solutions thereto;

10          d.    an itemized list of all eligible SEP costs expended;

11          e.    certification that the SEP has been fully implemented pursuant to the

12    provisions of this Decree; and

13          f.    a description of the environmental and public health benefits resulting

14    from implementation of the SEP (with a quantification of the benefits and pollutant reductions, if

15    feasible).

16      52.   EPA may, in its sole discretion, require information in addition to that described

17    in the preceding paragraph, in order to evaluate Defendants' completion report.

18      53.   After receiving the SEP Completion Report, the United States shall notify

19    Defendants whether or not Defendants have satisfactorily completed the SEP. If Defendants have

20    not completed the SEP in accordance with this Consent Decree, stipulated penalties may be

21    assessed under Section XIII (Stipulated Penalties) of this Consent Decree.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

29

1      54.    Disputes concerning the satisfactory performance of the SEP and the amount of

2    eligible SEP costs may be resolved under Section XV (Dispute Resolution) of this Decree. No

3    other disputes arising under this Section shall be subject to Dispute Resolution.

4      55.    Each submission required under this Section shall be signed by an official with

5    knowledge of the SEP and shall bear the certification language set forth in Paragraph 96.

6      56.    Any public statement, oral or written, in print, film, or other media made by

7    Defendants making reference to the SEP under this Decree shall include the following language:

8    "This project was undertaken in connection with the settlement of an enforcement action, United

9    States v. Trident Seafoods Corporation, et al., taken on behalf of the U.S. Environmental

10    Protection Agency under the Clean Air Act."

11      57.    For federal income tax purposes, Defendants agree that they will neither capitalize

12    into inventory or basis nor deduct any costs or expenditures incurred in performing the SEP.

13      58.    If Defendants satisfactorily complete the SEP, but do not spend the full amount of

14    the estimate set forth in Paragraph 50.a above, and if EPA determines that the amount remaining

15    reasonably could be applied toward another SEP, Defendants shall retrofit any Large Appliances

16    on an additional Vessel(s) with a Replacement Refrigerant or "exempt substitute," as defined in

17    40 C.F.R. §§ 82.152 and 154(a)(1).

18              VIII.   ANNUAL REFRIGERANT LOSS CAP PROGRAM

19      59.    Beginning January 1, 2019, Defendants shall implement the Annual Refrigerant

20    Loss Cap Program ("Program") set forth in this Section, in accordance with all provisions and

21    schedules therein. The Program shall cover all Large Appliances with Class I or Class II

22    refrigerant at any Facility or Vessel, including any such Large Appliances acquired after the

23    Effective Date ("Program Appliances").

Consent Decree:                              UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*         Environment and Natural Resources Division
                                      P.O. Box 7611, Washington, DC 20044-7611
                    30                         (202) 305-0302

1    60.   **Definitions.** For the purposes of this Section the following definitions shall apply:

2          a.   "Program Full Charge" shall mean the charge determination, for purposes

3    of this Section only, calculated using the methods in Paragraph 63.

4          b.   "Reporting Year" shall mean the calendar year immediately preceding the

5    current calendar year.

6          c.   "Refrigerant Year" or "RY" shall mean:

7               (1)  For Program Appliances with over 5,000 pounds of refrigerant that

8    Defendants do not transfer to another entity during the Reporting Year: the time period between

9    the date refrigerant is added to an empty system (start of Refrigerant Year) and the date that

10   refrigerant is completely evacuated from the Program Appliance (end of Refrigerant Year).

11              (2)  For Program Appliances with over 5,000 pounds of refrigerant that

12   Defendants transfer to another entity during the Reporting Year: the period between the date

13   refrigerant is added (start of Refrigerant Year) and the date the relevant Defendant transfers the

14   Program Appliance pursuant to Section II (Applicability) of this Consent Decree (end of

15   Refrigerant Year).

16              (3)  For Program Appliances with between 50 and 5,000 pounds of

17   refrigerant: from January 1 through December 31 (calendar year), or from January 1 up to the

18   date the Program Appliance is transferred to another entity pursuant to Section II (Applicability)

19   of this Consent Decree.

20         d.   "Seasonal Variance" shall have the meaning described in Paragraph

21   63.b(2) below.

1        61.     **Release Limits**. In each Reporting Year, if Class I or Class II refrigerant is

2 released from Defendants' Program Appliances in an amount that equals or exceeds the

3 following Release Limits, then Defendants shall undertake the following actions:

4              a.        If the amount of Class I and Class II refrigerant released from all Program

5 Appliances exceeds 17.5%, as calculated below, Defendants shall develop and execute a

6 Corrective Action Plan in accordance with Paragraph 66.

7              b.        If the amount of Class I and Class II refrigerant released from all Program

8 Appliances exceeds 25%, as calculated below, in addition to the Corrective Action Plan required

9 by Paragraph 61.a, Defendants shall be liable for stipulated penalties in accordance with

10 Paragraph 112.

11        62.     **Determining Amount Released**. No later than February 28 of each calendar year

12 beginning in 2020, Defendants shall determine the amount of Class I and Class II refrigerant

13 released during the most recent Reporting Year from all Program Appliances by summing the

14 amount lost from each Program Appliance with a Refrigerant Year that ended in the Reporting

15 Year and dividing that number by the total sum of the Program Full Charges for each Program

16 Appliance with a Refrigerant Year that ended in the Reporting Year and multiplying by 100.

17 Defendants shall calculate the individual losses and Program Full Charges from the Program

18 Appliances as follows:

19              a.        The amount of refrigerant lost from a Program Appliance during the

20 Refrigerant Year shall be deemed lost during the Reporting Year in which the Refrigerant Year

21 ends, unless there was no Refrigerant Year ending in the Reporting Year, in which case any

22 amount of refrigerant lost during the Reporting Year shall be zero (0) and the unit will not have

23 its Program Full Charge included in any part of the annual loss calculation. If two (2) Refrigerant

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

32

1    Years end in the same Reporting Year, the amount of refrigerant lost from a Program Appliance

2    during the Reporting Year will include all losses from each Refrigerant Year ending in the

3    Reporting Year. For example:

4              (1)  **Example 1.** If a Program Appliance has a Refrigerant Year that starts on

5    December 17, 2018 and ends on December 5, 2019, any amount of refrigerant lost during this

6    time period shall be attributable to the 2019 Reporting Year;

7              (2)  **Example 2.** If a Program Appliance has a Refrigerant Year that starts on

8    December 1, 2017, and ends on January 16, 2019, any amount of refrigerant lost during this time

9    period shall be attributable to the 2019 Reporting Year along with any other Refrigerant Years

10   ending in 2019 and there will be no losses reported for the 2018 Reporting Year;

11             (3)  **Example 3.** If a Program Appliance has a Refrigerant Year that starts on

12   January 17, 2019 and ends on December 5, 2019, any amount of refrigerant lost during this time

13   period shall be attributable to the 2019 Reporting Year.

14             (4)  **Example 4.** If a Program Appliance has a Refrigerant Year that starts on

15   December 28, 2018 and ends on September 5, 2019, any amount of refrigerant lost during this

16   time period shall be attributable to the 2019 Reporting Year.

17        b.    Calculation for Large Program Appliances with a Full Charge of 5,000 or

18   more pounds of Class I or Class II refrigerant: the Amount released during a Refrigerant Year

19   shall be determined by the following formula:

20   *Amount Released in RY X= [Additions (RY X)] – [Removals (RY X)]*

21   Where:

22             (1)  "Additions (RY X)" is the total amount of all Class I or Class II

23   refrigerant added to the Large Appliance during Refrigerant Year X for any reason, including

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

33

1    initial charging of the Large Appliance, equipment upgrades and expansions, and replacing

2    refrigerant lost due to leaks or other causes.

3              (2)   "Removals (RY X)" is the total amount of all Class I or Class II

4    refrigerant removed from the Large Appliance during RY X, including evacuation at the end of

5    the Refrigerant Year, removal of equipment or Components, or conversion or retirement of the

6    Large Appliance. Any such removals must be supported by appropriate service records.

7              c.   Calculation for Large Program Appliances with a Full Charge of between

8    50 and 5,000 pounds of Class I or Class II refrigerant: the Amount Released in a Refrigerant

9    Year shall be the total amount of Class I or Class II refrigerant added to the Large Appliance, for

10   any reason, during that Refrigerant Year, minus the amount added for expansions or

11   modifications of the Large Appliance and for qualified Seasonal Variances.

12        63.   **Calculating the Program Full Charge for Program Appliances**. For the

13   purposes of this Section, the Program Full Charge for Program Appliances shall be calculated in

14   accordance with the following:

15             a.   Calculation for Program Appliances with a Full Charge of 5,000 or more

16   pounds of Class I or Class II refrigerant: Program Full Charge for a Refrigerant Year will be the

17   amount of refrigerant added to the system at the beginning of the Refrigerant Year.

18             b.   Calculation for Large Program Appliances with a Full Charge of between

19   50 and 5,000 pounds of Class I or Class II refrigerant: Program Full Charge will be calculated at

20   the end of the Refrigerant Year according to one of the following methods, in descending order:

21             (1)   If a full drain and addition has been completed within the past 36

22   months, then Defendants shall use the amount of refrigerant added to a Program Appliance to

23   return the Program Appliance to a Full Charge following a full evacuation;

Consent Decree:                                  UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*          Environment and Natural Resources Division
                                                 P.O. Box 7611, Washington, DC 20044-7611
                                    34               (202) 305-0302

1          (2)  If an actual measurement of refrigerant has occurred within the past 36

2   months but Defendants have documented a change in external factors that resulted in the need

3   for more refrigerant, then Defendants shall use the weighted average of refrigerant in the

4   Program Appliance. A Seasonal Variance Program Full Charge is not permitted where any leaks

5   have been found, whether repaired or not. When permitted, the Seasonal Variance Program Full

6   Charge is calculated as:

7   $$Program\ Full\ Charge = Charge_A \times \frac{Time_A}{365} + Charge_B \times \frac{Time_B}{365}$$

8          Where:

9          $Charge_A$= the pounds of refrigerant in the system at the beginning of the

10         Refrigerant Year.

11         $Time_A$= the number of Days between the beginning of the Refrigerant

12         Year and the date refrigerant is added for a qualified Seasonal Variance,

13         plus any additional Days in the Refrigerant Year for which the system is

14         returned to $Charge_A$.

15         $Charge_B$= the pounds of refrigerant in the system at the beginning of the

16         Refrigerant Year plus the amount added for the Seasonal Variance.

17         $Time_B$ = the number of Days after refrigerant is added for a qualified

18         Seasonal Variance, plus any additional Days in the Refrigerant Year for

19         which the system returns to $Charge_B$; or

20         (3)  If neither (1) nor (2) applies, then an engineering estimate by a qualified

21   engineer of the amount of refrigerant within the Program Appliance.

22         64.   **New Large Appliances**. Any Large Appliances containing Class I or Class II

23   refrigerant Defendants purchase or otherwise acquire at any Facility or Vessel during the

Consent Decree:                                      UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*          Environment and Natural Resources Division
                                                     P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1   pendency of this Consent Decree shall also be subject to the terms of this Program beginning

2   with the first full Calendar Year following the date such Large Appliance is put into service. The

3   Amount Released from any new Large Appliance shall be determined using one of the

4   calculations in Paragraph 62. Program Full charge of a new Large Appliance shall be calculated

5   in accordance with the procedures set forth in Paragraph 63.a or 63.b, above.

6       65.   **Program Reporting**. In the annual reporting submitted pursuant to Section XI

7   (Reporting Requirements), Defendants shall report the following information regarding the

8   Program:

9           a.    <u>Reporting Year</u>. With regard to the Reporting Year, Defendants shall

10   report, and provide supporting documentation for, the following:

11               (1)   The Program Full Charge of each Program Appliance, documentation

12   that any changes in Program Full Charge from Seasonal Variance conform to the requirements of

13   Paragraph 63.b(2), and documentation of other expansions and modifications that affect the

14   Program Full Charge;

15               (2)   A notation of any Program Appliance that did not end a Refrigerant

16   Year in the applicable Reporting Year and therefore will not be included in the calculation;

17               (3)   The dates that the Refrigerant Year begins and ends, for each Program

18   Appliance with a Full Charge of 5,000 or more pounds of refrigerant;

19               (4)   The Amount Released from each Program Appliance during the calendar

20   year using the appropriate calculation described in Paragraph 62; and

21               (5)   A calculation of the total pounds of refrigerant released cumulatively

22   from all Program Appliances for the relevant Reporting Year and whether, and by how many

23

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

36

1    pounds, the cumulative Amount Released equals or exceeds either of the applicable Release

2    Limits described in Paragraph 61.

3          b.    <u>Current Calendar Year</u>. With regard to the calendar year that is underway

4    when the Annual Report is submitted, Defendants shall report the Program Full Charge that has

5    been set for each Program Appliance at the start of the current calendar year.

6          66.    **Corrective Action Plan**. If Class I or Class II refrigerants are released from

7    Defendants' Program Appliances during the previous calendar year in an amount exceeding the

8    Corrective Action Release Limit in Paragraph 61.a, Defendants shall submit by April 1 of the

9    current calendar year a Corrective Action Plan that describes Defendants' strategy for preventing

10   exceedances of the Corrective Action Release Limit in the current Calendar Year. The Corrective

11   Action Plan shall at a minimum address the following:

12          a.    The identified cause(s) of the exceedance of the Corrective Action Release

13   Limit;

14          b.    A description of Defendants' causal analysis process, such as a root cause

15   analysis, that identified the cause(s) of the exceedance of the Corrective Action Release Limit;

16          c.    Proposed actions to address each cause identified in the causal analysis

17   process, including an assessment of the efficacy of each of the following corrective actions:

18                (1)   Planned or completed retrofits or retirements of Program Appliances;

19                (2)   Proposal for revisions to Defendants' RCP, including additional

20   comprehensive leak tests and leak inspection;

21                (3)   Proposals for installation of additional or different Fixed Leak Detection

22   Systems;

23

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

37

1          (4)   An analysis of the data from the Plate Freezer Leak Database, as

2 described in Paragraphs 40 and 41;

3          (5)   Proposals for assessing the efficacy of the leak detection method, or

4 requiring different methods of leak inspections; and

5          (6)   Proposals for hiring of additional staff or additional training.

6          IX.   THIRD PARTY VERIFICATION

7 **A.**   **Auditor Hiring Procedures**

8       67.   In accordance with the procedures set forth below, Defendants shall hire an

9 independent Third Party Auditor ("Auditor") to perform all the duties set forth in Paragraph 75

10 through 83, in order to assess Defendants' compliance with the requirements of this Consent

11 Decree, Section 608 of the CAA, and 40 C.F.R. Part 82, Subpart F.

12       68.   Defendants shall give each Auditor a copy of this Consent Decree and all

13 appendices, as well as all other information and access necessary to complete the Audits set forth

14 herein. Defendants' contract with the Auditor shall require the Auditor to perform all of the

15 duties in Paragraphs 75 through 83, and upon EPA's request, within a reasonable time and upon

16 reasonable notice, to be fully available to consult with EPA about Defendants and their

17 compliance with this Consent Decree, Section 608 of the CAA, and 40 C.F.R. Part 82, Subpart F.

18 Defendants shall bear all costs associated with the Auditor, cooperate fully with any reasonable

19 requests of the Auditor, and provide the Auditor with access, upon reasonable notice and taking

20 into account operational impacts, to all records, employees, contractors, Facilities and Vessels,

21 and Large Appliances that the Auditor deems reasonably appropriate to effectively perform the

22 duties described in Paragraphs 75 through 83. Defendants shall ensure that the Auditor(s)

Consent Decree:                                      UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*             Environment and Natural Resources Division
                                            P.O. Box 7611, Washington, DC 20044-7611
38                                         (202) 305-0302

1  conduct the Audits in accordance with the requirements set forth in Paragraphs 75 through 83 of

2  this Decree.

3        69.    <u>Hiring Process</u>. By February 28, 2019, Defendants shall submit to the United

4  States the name and qualifications of two (2) or more proposed independent Third Party Auditors

5  that both Defendants and each Auditor candidate certify meet the following conditions:

6        a.    The Auditor should have experience with CAA Section 608 and 40 C.F.R.

7  Part 82 regulations for industrial process refrigeration appliances, and experience with industrial

8  process refrigeration and commercial refrigeration design and maintenance;

9        b.    The Auditor and its personnel have not been employed by Defendants or

10  any corporate affiliates of Defendants, have not conducted research and/or development for

11  Defendants, and have not provided advisory services of any kind (including but not limited to

12  design, construction, financial, engineering, legal, or consulting services) to Defendants or any of

13  their corporate affiliates, within the last five (5) years; and

14        c.    The Auditor has not been involved in the development or construction of

15  any Large Appliance at any of Defendants' Facilities or Vessels.

16        70.    Defendants shall not employ the Auditor and its personnel to provide any other

17  commercial, business, or voluntary services to Defendants for a period of at least three (3) years

18  following the Auditor's submittal of its final Auditor's report, and Defendants shall not provide

19  future employment to the Auditor or any of the Auditor's personnel who managed, conducted, or

20  otherwise participated in the Audits for a period of at least three (3) years following the

21  Auditor's submittal of its final Auditor's Report pursuant to Paragraph 83 below.

22        71.    The United States will notify Defendants in writing whether it approves the

23  proposed Auditor(s). Within thirty (30) Days of United States' written approval of an Auditor,

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    Defendants shall retain an approved Auditor to perform the activities set forth in Paragraphs 75

2    through 83. The contract for the auditing services shall include the restrictions described in

3    Paragraph 70.

4        72.    If the United States rejects the proposed Auditors, within twenty-one (21) Days of

5    receipt of the United States' notification, Defendants shall submit for approval the names and

6    qualifications of two (2) or more proposed alternative Auditors that meet the qualifications set

7    forth in Paragraph 69. The United States will review the proposed replacement in accordance

8    with Paragraph 71.

9        73.    Auditor Replacement Procedure: If the United States has approved an Auditor and

10   the United States subsequently determines independently or at the request of Defendants that the

11   approved Auditor cannot satisfactorily perform the required Audits, within sixty (60) Days of

12   learning that the Auditor cannot satisfactorily perform the Audits, Defendants shall submit to the

13   United States for approval the name and qualifications of two (2) or more proposed replacement

14   Auditors that meet the qualifications set forth in Paragraph 69 above. The United States shall

15   review the proposed replacement Auditors in accordance with Paragraph 71. If Defendants and

16   the United States do not agree on the need to select a replacement Auditor, Defendants may

17   invoke the dispute resolution procedures in Section XV (Dispute Resolution) of this Decree.

18       74.    Nothing in Paragraphs 69 through 73 precludes the United States from assessing

19   stipulated penalties for missed Audit deadlines associated with the need to replace an Auditor

20   unless Defendants successfully asserts that the inability of the Auditor to perform the required

21   Audit was due to a Force Majeure event in accordance with Section XIV (Force Majeure) of the

22   Consent Decree.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1   **B.**    <u>**Audit Responsibilities**</u>

2       75.    The Auditor will comply with the procedures and requirements in this Section

3   IX.B relating to verification of Defendants' compliance with the requirements of this Consent

4   Decree, Section 608 of the CAA, and 40 C.F.R. Part 82, Subpart F.

5       76.    <u>Physical Audits</u>. Beginning January 1, 2019, and until any Large Appliance

6   subject to this Paragraph has been retrofitted or retired (e.g., according to Paragraphs 46 and 47),

7   the Auditor will conduct annual Physical Audits to assess compliance at each Vessel or Facility

8   containing a Large Appliance with a Full Charge of 5,000 or more pounds of Class I or Class II

9   refrigerant. Within thirty (30) Days of the Auditor being retained, and by August 1 each year

10   beginning January 1, 2019, Defendants will provide the Auditor an anticipated annual schedule

11   for Seattle or Tacoma Vessel arrivals, and for planned system evacuation and pressure testing

12   timeframes for each Vessel with Large Appliances subject to this Paragraph. Within two (2)

13   weeks of receiving the Vessel schedule, the Auditor will send the Defendants and EPA a

14   schedule for Physical Audits. The Auditor will select and audit at least 50% of Vessels with

15   Large Appliances covered by this Paragraph each year, with each Vessel audited at least every

16   two (2) years. Vessel crew will be available upon arrival and for up to three (3) Days after arrival

17   if prearranged by the Auditor. Periodic updates to the schedule may be provided if significant

18   changes are made to the schedule. Defendants will confirm the Vessel arrival schedule with the

19   Auditor thirty (30) Days prior to arrival of the Vessel, and again seven (7) Days prior to arrival

20   of the Vessel. Schedules for pressure testing will be confirmed with the Auditor at the time the

21   contractor is scheduled to perform the pressure test, and the Auditor will be updated of any

22   changes to the schedule.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

41

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1        77.     During a Physical Audit, the Auditor will visit the Vessel or Facility under audit,

2   observe leak detection procedures conducted on Large Appliances (if applicable), leak rate

3   calculation (if applicable), leak repair and verification (if applicable), recordkeeping practices,

4   and interview available employees regarding practices and procedures at that Vessel or Facility

5   related to recordkeeping, maintaining and repairing Large Appliances and related equipment, and

6   refrigerant acquisition, storage, transfer, use, and disposal.

7        78.     Video Audits. Beginning January 1, 2019, until any Large Appliance subject to

8   this Paragraph has been retrofitted or retired, Defendants shall ensure that the Auditor conducts

9   an Audit of Defendant's video inspections (Paragraph 38), as follows:

10              a.      Defendants will make all Video Inspections conducted available to the

11   Auditor no later than ninety (90) Days after a Video Inspection has been completed. The Auditor

12   shall review each Video Inspection within sixty (60) Days of receipt of a Video Inspection.

13              b.      The Auditor will review the Video Inspection and observe Large

14   Appliances and related equipment; leak inspection procedures; and routine leak detection

15   equipment used in the procedures; practices and procedures related to recordkeeping; and, where

16   applicable, leak detection, leak rate calculation, leak repair and verification, refrigerant

17   acquisition, storage, transfer, use and disposal.

18        79.     Records Audit. At least twice every calendar year, the Auditor shall conduct an

19   unannounced, unscheduled Audit of Defendants' records for all of Defendants' appliances

20   containing Covered Refrigerant. The Audits shall be conducted at least five (5) months apart

21   from each other.

22        80.     In the Records Audit, the Auditor shall assess whether Defendants' records are

23   complete, accurate, and in conformity with the requirements of 40 C.F.R. Part 82, Subpart F,

1    with the RCP, and with the terms of this Consent Decree, and whether Defendants' policies,

2    practices, acts or omissions have complied with the requirements of 40 C.F.R. Part 82, subpart F,

3    with the RCP, and with the terms of this Consent Decree.

4        81.    To facilitate this review, Defendants shall provide the Auditor with electronic

5    access to the Portal and the following records for each appliance:

6            a.    Defendants' RCP;

7            b.    Employee training materials and training attendance records;

8            c.    All records required to be created under the RCP and the Consent Decree

9    for each appliance; and

10           d.    All other records relating to compliance with the requirements of Section

11   608 of the CAA, 40 C.F.R. Part 82 Subpart F, with the RCP, and with the Consent Decree,

12   including but not limited to records of refrigerant purchases, use, evacuation, and disposal;

13   records relating to appliance operation, repair, refrigerant leaks, refrigerant additions or

14   refrigerant evacuation, as well as all records generated by Defendants pursuant to 40 C.F.R.

15   § 82.166.

16       82.    _Audit Out-briefings._ Upon completion of any Physical or Records Audit, the

17   Auditor will notify the Defendants of such completion and between forty-eight (48) hours and

18   seven (7) Days after such notification will conduct an out-briefing with Defendants in which the

19   Auditor shall orally convey the major Audit Findings. If the Auditor has reviewed one or more

20   Video Inspection(s), pursuant to Paragraph 78, at least fourteen (14) Days prior to any out-

21   briefing, the Auditor shall also orally convey the major Audit Findings discovered during the

22   review of the Video Inspections. The Auditor shall notify EPA of the scheduled date of the out-

23   briefing for each Audit when scheduled, but no later than forty-eight (48) hours before the out-

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

43

1    briefing. EPA shall have the right to have its representatives (including contractors) attend the

2    out-briefing either in person or telephonically. If the out-briefing date changes, the Auditor shall

3    notify EPA at least forty-eight (48) hours prior to the out-briefing. The Auditor shall include

4    Audit Findings in the Auditor's Report submitted to EPA pursuant to Paragraph 83 below, but

5    shall also include a description of any correction(s) that may have occurred prior to submission

6    of the Auditor's Report.

7          83.    Auditor's Reports. Defendants shall ensure that Auditor submits a report(s) of the

8    Audit results simultaneously to EPA and Defendants pursuant to Section XIX (Notices) of this

9    Consent Decree, as follows:

10         a.    The Auditor shall submit a report of the Audit results of a Physical Audit

11   and of a Records Audit within thirty (30) Days of completing each Physical Audit or Records

12   Audit required by Paragraphs 76 through 77 and 79 through 81.

13         b.    In each Records Audit Report required by this Paragraph, the Auditor shall

14   also report the Audit Findings from any Video Audit that has occurred between the most recent

15   Records Audit and the preceding Records Audit.

16         c.    The Auditor shall not share any written draft reports with Defendants prior

17   to the submission of the Auditor's Report.

18         d.    EPA shall give notice to Defendants as soon as possible before EPA has

19   any material communications directly with the Auditor about an Audit and give Defendants the

20   opportunity to participate in such conversations.

21         e.    The Auditor's Report for Physical Audits conducted pursuant to

22   Paragraphs 76 through 77 will contain, at a minimum, the following information:

23

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

44

1          (1)  A description of all the types of information and records reviewed in

2  each Audit and the equipment, processes, practices, and other items reviewed, observed, or

3  evaluated during the Audit, a description of when and how the Audit was conducted,

4  identification of Defendants' personnel interviewed by the Auditor or otherwise involved with

5  the Audit, and copies of any relevant photos taken or reviewed during the Audit;

6          (2)  Each Audit Finding, identified and listed separately, along with the

7  Audit requirements set forth in Paragraph 75; and

8          (3)  Auditor's Recommendations to correct each Audit Finding.

9          f.  The Auditor's Report for Record Audits or Video Audits conducted

10  pursuant to Paragraphs 78 or 79 through 81, will contain, at a minimum, the following

11  information:

12          (1)  A description of the records reviewed (including types of Forms) for

13  each Vessel or Facility in the Record Audit;

14          (2)  Each Audit Finding, identified and listed separately, in a format that is

15  organized by Vessel or Facility and by appliance;

16          (3)  Auditor's Recommendations to correct each Audit Finding; and

17          (4)  For Video Audits conducted pursuant to Paragraph 78, a description of

18  any deficiencies in the quality of the video footage that impaired the Auditor's ability to assess

19  the criteria identified in Paragraph 78.b.

20      84.  Neither Defendants nor the United States will be bound by the recommendations

21  or conclusions of the Third Party Auditor. However, if Defendants violate any requirement of

22  this Consent Decree, Defendants will be liable for stipulated penalties to the United States,

Consent Decree:
*United States v. Trident Seafoods, et. al.*

45

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    pursuant to Section XIII (Stipulated Penalties) regardless of the recommendations or conclusions

2    of the Auditor.

3                           X.    APPROVAL OF DELIVERABLES

4        85.    After review of any plan, petition, report, or other item except for (1) RCP

5    submissions pursuant to Paragraphs 20 through 27; and (2) a petition determining compliance

6    with the loss cap program pursuant to Paragraphs 102 through 103 that is submitted for EPA

7    approval pursuant to the Consent Decree, EPA shall, in writing:

8                    a.    Approve the submission;

9                    b.    Approve the submission upon specified conditions;

10                   c.    Approve part of the submission and disapprove the remainder; or

11                   d.    Disapprove the submission.

12       86.    If the submission is approved pursuant to Paragraph 85.a, Defendants shall take

13   all actions required by the plan, report, or other document, in accordance with the schedules and

14   requirements of the plan, report, or other document, as approved. If the submission is

15   conditionally approved or approved only in part pursuant to Paragraph 85.b or 85.c, Defendants

16   shall, upon written direction from EPA, take all actions required by the approved plan, report, or

17   other item that EPA determines are technically severable from any disapproved portions, subject

18   to Defendants' right to dispute only the specified conditions or the disapproved portions, under

19   Section XV (Dispute Resolution).

20       87.    If the submission is disapproved in whole or in part pursuant to Paragraph 85.c or

21   85.d, Defendants shall, within forty-five (45) Days or such other time as the Parties agree to in

22   writing, correct all deficiencies and resubmit the plan, report, or other item, or disapproved

23   portion thereof, for approval, in accordance with the preceding Paragraphs. If the resubmission is

Consent Decree:                                    UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*          Environment and Natural Resources Division
                                                   P.O. Box 7611, Washington, DC 20044-7611
                          46                              (202) 305-0302

1    approved in whole or in part, Defendants shall proceed in accordance with the preceding

2    Paragraph.

3        88.     If a resubmitted plan, report, or other item, or portion thereof, is disapproved in

4    whole or in part, EPA may again require Defendants to correct any deficiencies, in accordance

5    with the preceding Paragraphs, subject to Defendants' right to invoke Dispute Resolution and the

6    right of EPA to seek stipulated penalties as provided in the preceding Paragraphs.

7        89.     Any stipulated penalties applicable to the original submission, as provided in

8    Section XIII, shall accrue during the forty-five (45) Day or other specified period set forth in

9    Paragraph 87, but shall not be payable unless the resubmission is untimely or is disapproved in

10    whole or in part; provided that, if the original submission was so deficient as to constitute a

11    material breach of Defendants' obligations under the Decree, the stipulated penalties applicable

12    to the original submission shall be due and payable notwithstanding any subsequent

13    resubmission.

14        90.     <u>Permits</u>. Where any compliance obligation under this Decree requires Defendants

15    to obtain a federal, state, or local permit or approval, Defendants shall submit timely and

16    complete applications and take all other actions necessary to obtain all such permits or approvals.

17    Defendants may seek relief under the provisions of Section XIV (Force Majeure) for any delay

18    in obtaining any permit or approval required to fulfill such obligation, if such Defendants have

19    submitted timely and complete applications and have taken all other actions necessary to obtain

20    all such permits or approvals.

21                  XI.    REPORTING REQUIREMENTS

22        91.     By no later than March, 31, 2019, Defendants shall submit to EPA copies of all

23    records required under 40 C.F.R. §§ 82.157 and 82.166 that were generated during the preceding

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

47

1   Calendar Year. By no later than March 31 of each Calendar Year beginning January 1, 2020,

2   until termination of the Decree pursuant to Section XXIII (Termination), Defendants shall

3   submit to EPA:

4           a.      Copies of all records required under 40 C.F.R. §§ 82.157 and 82.166, and

5   copies of any other records required to be uploaded to the Electronic Records Portal pursuant to

6   Paragraph 44, that were generated during the preceding Calendar Year;

7           b.      Written certification of any retrofits or retirements pursuant to Paragraphs

8   16 through 18, 46 through 47, and 48 that were completed in the preceding Calendar Year;

9           c.      Information and records required to be submitted under the Annual

10  Refrigerant Loss Cap Program, as detailed in Paragraph 65;

11          d.      A description (including Full Charge) of any new Large Appliances put

12  into service during the preceding Calendar Year; the date(s) each Large Appliance was acquired,

13  installed, and put into service; and identification of which new Large Appliances are subject to

14  the Annual Refrigerant Loss Cap Program;

15          e.      Documentation of any comprehensive leak tests and inspections that

16  demonstrates that the comprehensive leak tests and inspections are undertaken in accordance

17  with Paragraphs 28 and 29;

18          f.      Documentation of Defendants' compliance efforts during the preceding

19  calendar year pertaining to routine leak detection (Paragraphs 31- 33), leak inspections

20  (Paragraphs 34 - 38), leak repair (Paragraph 39), and the Plate Freezer Tracking System

21  (Paragraph 41);

22          g.      A list of the names and titles of all employees at each Facility or Vessel

23  performing obligations under this Consent Decree that includes a designation of which

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    employees were trained in accordance with the requirements of Paragraphs 42 and 43 during the

2    preceding Calendar Year, the name of the trainer(s) and the dates of the training(s);

3              h.        Access to, or copies of, the training materials other than RCP and related

4    SOPs used to address the requirements of Paragraphs 42 and 43 during the preceding Calendar

5    Year;

6              i.        A current copy of the RCP, reflecting in redline any changes made to the

7    RCP during the preceding Calendar Year pursuant to Paragraph 21. If more than one revision

8    was made, submit each version and indicate its effective date(s); and

9              j.        A certification of compliance during the previous calendar year with those

10   components of the RCP required in Paragraph 20.

11        92.      Within sixty (60) Days of receiving each Auditor's Report required by Paragraph

12   83, Defendants shall submit to EPA a response to the Auditor's Report. Defendants' responses

13   shall include, at a minimum:

14             a.        A description of Defendants' actions to address each of the Audit

15   Findings, including schedules;

16             b.        An explanation of any Audit Findings identified by the Auditor's Report

17   with which the Defendants do not agree; and

18             c.        For any actions recommended by the Third Party Auditor that Defendants

19   do not intend to implement, an explanation for why Defendants will not or cannot implement the

20   recommendation.

21        93.      If Defendants violate, or have reason to believe that they may violate, any

22   requirement of the Consent Decree, Defendants shall provide a written report to the United

23   States regarding such violation and its likely duration, within ten (10) business days of the date

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    Defendants first become aware of the violation, and include within the report an explanation of

2    the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or

3    minimize such violation. If the cause of a violation cannot be fully explained at the time the

4    report required under this Paragraph is due, Defendants shall so state in the report. Defendants

5    shall investigate the cause of the violation and shall then submit an amendment to the report,

6    including a full explanation of the cause of the violation, within thirty (30) Days of the date

7    Defendants become aware of the cause of the violation. Nothing in this Paragraph or the

8    following Paragraph relieves Defendants of their obligation to provide the notice required by

9    Section XIV (Force Majeure).

10        94.        Whenever any violation of the Consent Decree or any other event affecting

11   Defendants' performance under the Decree, or the performance of their Facilities or Vessels,

12   may pose an immediate threat to the public health or welfare or the environment, Defendants

13   shall notify EPA orally or by electronic transmission as soon as possible, but no later than

14   twenty-four (24) hours after Defendants first knew of the violation or event. This procedure is in

15   addition to the requirements set forth in the preceding Paragraph.

16        95.        All reports shall be submitted according to Section XIX (Notices).

17        96.        Each report submitted by Defendants under this Section shall be signed by an

18   official of the submitting party and include the following certification:

19                   I certify under penalty of law that this document and all attachments were
20                   prepared under my direction or supervision in accordance with a system
21                   designed to assure that qualified personnel properly gather and evaluate
22                   the information submitted. Based on my inquiry of the person or persons
23                   who manage the system, or those persons directly responsible for
24                   gathering the information, the information submitted is, to the best of my
25                   knowledge and belief, true, accurate, and complete. I have no personal
26                   knowledge that the information submitted is other than true, accurate, and
27                   complete. I am aware that there are significant penalties for submitting

Consent Decree:                                       UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*           Environment and Natural Resources Division
                                                     P.O. Box 7611, Washington, DC 20044-7611
                          50                                    (202) 305-0302

1       false information, including the possibility of fine and imprisonment for
2       knowing violations.

3       97.     This certification requirement does not apply to emergency or similar

4  notifications where compliance would be impractical.

5       98.     The reporting requirements of the Consent Decree do not relieve Defendants of

6  any reporting obligations required by the Act or implementing regulations, or by any other

7  federal, state, or local law, regulation, permit, or other requirement.

8       99.     Any information provided pursuant to the Consent Decree may be used by the

9  United States in any proceeding to enforce the provisions of the Consent Decree and as

10  otherwise permitted by law.

11                  XII.     PETITIONS

12       100.     <u>Replacement Refrigerant</u>. At any time during the pendency of this Consent

13  Decree, Defendants may petition EPA to add a substance to the definition of Replacement

14  Refrigerant. The petition shall include:

15           a.     The chemical and trade name of the refrigerant;

16           b.     The name of the manufacturer;

17           c.     The chemical composition of the refrigerant;

18           d.     The refrigerant's ozone-depleting potential (if any);

19           e.     Description of the application for which the refrigerant will be used;

20           f.     Evaluation of the refrigerant's efficiency in the proposed application and

21  corresponding environmental impacts; and

22           g.     Evaluation of the environmental impacts of reclaiming the refrigerant.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

51

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    101.   EPA shall review the petition in accordance with Section X (Approval of

2    Deliverables). Upon EPA approval of any such petition, the refrigerant in question shall be

3    considered a Replacement Refrigerant henceforth for purposes of this Consent Decree.

4    102.   Determining Compliance with Annual Loss Cap Program: In determining the

5    amount of Class I or Class II refrigerant released, for purposes of determining compliance with

6    the Annual Loss Cap Program, Defendants may petition EPA to exclude the refrigerant lost

7    during one (1) leak with a cause extrinsic to the Program Appliance (i.e. accidental physical

8    damage of a Program Appliance by other equipment, another vessel, or an operator). The petition

9    shall include:

10          a.    A calculation of the total amount of the refrigerant lost from the alleged

11   leak, including the amount to be apportioned to the extrinsic cause;

12          b.    Documentation regarding when the loss was discovered and when the leak

13   was repaired; and

14          c.    An explanation of why the loss of refrigerant was from an extrinsic cause,

15   rather than from another release of refrigerant.

16   103.   EPA shall review the petition and, in its unreviewable discretion, either (1)

17   approve the submission; (2) approve the submission under specific conditions; or (3) disapprove

18   the submission. Upon EPA approval of any such petition, the amount lost from the extrinsic

19   event could be excluded from the calculations to determine compliance with the Annual Loss

20   Cap Program for purposes of this Consent Decree.

21               XIII.   STIPULATED PENALTIES

22   104.   Defendants shall be liable for stipulated penalties to the United States for

23   violations of the Consent Decree as specified below, unless excused under Section XIV (Force

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    Majeure). A violation includes failing to perform any obligation required by the terms of the

2    Decree, including any work plan or schedule approved under the Decree, according to all

3    applicable requirements of the Decree and within the specified time schedules established by or

4    approved under the Decree.

5        105.   <u>Late Payment of Civil Penalty</u>. If Defendants fail to pay the civil penalty required

6    to be paid under Section IV (Civil Penalty) when due, Defendants shall pay a stipulated penalty

7    of $2,500 per Day for each Day that the payment is late.

8        106.   <u>Failure to Retrofit or Retire an appliance</u>. If Defendants fail to retrofit or retire an

9    appliance in accordance with the requirements of this Consent Decree, Defendants shall pay a

10   stipulated penalty as follows:

11           a.      In accordance with the requirements of Paragraphs 46 and 47, a stipulated

12   penalty of $750 per Day for each Day that the retrofit or retirement is late.

13           b.      In accordance with the requirements of Paragraphs 16 and 17, a stipulated

14   penalty of $500 per Day for each Day that the retrofit or retirement is late.

15           c.      In accordance with the requirements of Paragraph 18, a stipulated penalty

16   of $100 Per Day for each Day that the retrofit is late.

17       107.   <u>Third Party Verification</u>. If Defendants fail to comply with a Third Party

18   Verification requirement in accordance with Section IX (Third Party Verification) of this

19   Consent Decree, Defendants shall pay a stipulated penalty as follows:

20           a.      For a failure to hire an Auditor in accordance with the requirements of

21   Paragraphs 67 through 74, a stipulated penalty of $10,000 per year;

22           b.      For failures to ensure that the Auditor conducts Audits (Paragraphs 75

23   through 81), a stipulated penalty of $1,500 per missed Audit;

1  c.  For failures to ensure that the Auditor conducts an Audit Out-briefing

2  (Paragraph 82), a stipulated penalty of $250 per Day per for each Day the Audit Out-briefing is

3  late; and

4  d.  For failures to submit Auditor's Reports (Paragraph 83) in accordance

5  with required deadlines, a stipulated penalty of $250 per Day for each Day that the Auditor's

6  Report is late.

7  108.  Refrigerant Compliance Plan and Additional Compliance Requirements. If

8  Defendants fail to implement the RCP at a Vessel or Facility as required by Paragraphs 19 and

9  20, or to submit revisions in accordance with Paragraphs 21 and 27, Defendants shall pay a

10  stipulated penalty of $100 per Day for each Day the failure to implement the RCP or to submit

11  revisions thereto occurred. For violations of additional compliance requirements, Defendants

12  shall pay a stipulated penalty as follows:

13  a.  For failures to conduct comprehensive leak tests and inspections, in

14  accordance with Paragraphs 28 and 29, a stipulated penalty of $1,500 per each missed deadline.

15  b.  For failures to install and maintain fixed leak detection systems and to add

16  to and maintain fluorescent dye in Large Appliances, in accordance with Paragraphs 31 through

17  33, a stipulated penalty of $250 per Day for each failure to install a leak detector and fluorescent

18  dye, and of $100 per Day for each failure to properly calibrate and maintain leak detectors and to

19  maintain fluorescent dye within Large Appliances.

20  c.  For failures to conduct leak inspections on Large Appliances, in

21  accordance with Paragraphs 34 through 36, a stipulated penalty of:

22  (1)  $750 per each missed deadline, for each Large Appliance with

23  greater than 5,000 pounds of Class I or Class II refrigerant; and

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

54

1             (2)     $250 per each missed deadline, for each Large Appliance with

2 between 50 and 5,000 pounds of Class I or Class II refrigerant.

3            d.     For failures to repair identified leaks, in accordance with Paragraph 39, a

4 stipulated penalty of $1,000 per Day for each Day that Defendants fail to repair an identified leak

5 on a Large Appliance.

6            e.     For failures to train employees in accordance with Paragraph 42 or to

7 implement a training program that complies with the requirements of Paragraphs 42 through 43,

8 a stipulated penalty of $1,500 per Year for each year that Defendants fail to implement a

9 compliant training program and $250 per each missed deadline for each employee that

10 Defendants fail to train;

11            f.     For failures to create and maintain an Electronic Records Portal, in

12 accordance with Paragraphs 44 and 45, a stipulated penalty of $250 per Day.

13     109.   <u>Reporting</u>. If Defendants fail to comply with any Reporting requirement in

14 accordance with Section XI (Reporting Requirements) of this Consent Decree, Defendants shall

15 pay a stipulated penalty of $250 per Day for each Day that the report is late. Stipulated penalties

16 for noncompliance with Paragraph 91.a shall apply only for Large Appliances that are subject to

17 the maintenance and leak repair requirements of 40 C.F.R. § 82.157.

18     110.   <u>Recordkeeping</u>. If Defendants fail to comply with any Recordkeeping requirement

19 as required by Paragraph 20.i, Section 608 of the CAA, 42 U.S.C. § 7671g, and its implementing

20 regulations at 40 C.F.R. Part 82, Subpart F, Defendants shall pay a stipulated penalty as follows:

21            a.     For a failure to maintain records by failing to complete a required record,

22 or a record that cannot be linked to the Large Appliance served or the date of service, a stipulated

23 penalty of $250 per record.

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

55

1    b.    For a failure to maintain records by having a record otherwise deficient in

2    meeting the terms of the Consent Decree, a stipulated penalty of $100 per record.

3    Stipulated penalties for noncompliance with Paragraph 110 shall apply only for records

4    associated with Large Appliances that are subject to the maintenance and leak repair

5    requirements of 40 C.F.R. § 82.157.

6    111.    SEP Compliance. If Defendants fail to satisfactorily complete the SEP, required

7    by Paragraphs 48 through 58, Defendants shall pay:

8    a.    $500 for each Day for which it fails to meet an applicable deadline set

9    forth in Paragraph 48, and $250 for each Day for which it fails to meet an applicable deadline set

10    forth in Section VII (Supplemental Environmental Project) of this Consent Decree, other than

11    those deadlines set forth in Paragraph 48; or

12    b.    $525,000 if Defendants fail to implement the SEP, or halt or abandon

13    work on the SEP. The penalty under this subparagraph b. shall accrue as of the date specified for

14    completing the SEP or the date performance ceases, whichever is earlier.

15    112.    Annual Refrigerant Loss Cap Program. Starting January 1, 2019, if, in a calendar

16    year, Defendants release Class I or Class II refrigerant in an amount that equals or exceeds the

17    Stipulated Penalty Release Limit described in Paragraph 61.b, Defendants shall pay a stipulated

18    penalty of $50 for each pound of refrigerant released up to 5.5% in excess of the Stipulated

19    Penalty Release Limits (that is, if the total amount of Class I and Class II refrigerant released is

20    between 25% and 30.5% of the total charge of all Program Appliances), $75 for each pound of

21    Class I and Class II refrigerant released from 5.5% to 35% in excess of the Stipulated Penalty

22    Release Limits (that is, if the amount of Class I and Class II refrigerant released is between

23    30.5% and 60% of the total charge of all Program Appliances), and $100 for each pound of Class

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

56

1   I and Class II refrigerant released over 35% in excess of the Stipulated Penalty Release Limits

2   (that is, if the amount of Class I and Class II refrigerant released exceeds 60% of the total charge

3   of all Program Appliances).

4        113.    For all other violations of this Consent Decree not addressed by Paragraphs 105

5   through 112 above, Defendants shall pay a stipulated penalty of $100 that accrues on a per-

6   violation, per-Day basis.

7        114.    Stipulated penalties under this Section shall begin to accrue on the Day after

8   performance is due or on the Day a violation occurs, whichever is applicable, and shall continue

9   to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated

10  penalties shall accrue simultaneously for separate violations of the Consent Decree.

11       115.    Defendants shall pay any stipulated penalty within sixty (60) Days of receiving

12  the United States' written demand, except as provided in Paragraph 117 of this Consent Decree.

13       116.    The United States may, in the unreviewable exercise of its discretion, reduce or

14  waive stipulated penalties otherwise due it under the Consent Decree.

15       117.    Stipulated penalties shall continue to accrue, as provided in Paragraph 114, during

16  any Dispute Resolution, but need not be paid until the following:

17             a.    If the dispute is resolved by agreement of the Parties or by a decision of

18  EPA that is not appealed to the Court, Defendants shall pay accrued penalties determined to be

19  owing, together with Interest, to the United States within thirty (30) Days of the effective date of

20  the agreement or the receipt of EPA's decision or order.

21             b.    If the dispute is appealed to the Court and the United States prevails in

22  whole or in part, Defendants shall pay all accrued penalties determined by the Court to be owing,

23

Consent Decree:
*United States v.Trident Seafoods, et. al.*

57

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1   together with Interest, within sixty (60) Days of receiving the Court's decision or order, except

2   as provided in subparagraph c, below.

3                c.      If any Party appeals the District Court's decision, Defendants shall pay all

4   accrued penalties determined to be owing, together with Interest, within fifteen (15) Days of

5   receiving the final appellate court decision.

6        118.    Defendants shall pay stipulated penalties owing to the United States in the manner

7   set forth and with the confirmation notices required by Paragraph 13, except that the transmittal

8   letter shall state that the payment is for stipulated penalties and shall state for which violation(s)

9   the penalties are being paid.

10       119.    If Defendants fail to pay stipulated penalties according to the terms of the Consent

11  Decree, Defendants shall be liable for Interest on such penalties, as provided for in 28 U.S.C.

12  § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be

13  construed to limit the United States from seeking any remedy otherwise provided by law for

14  Defendants' failure to pay any stipulated penalties.

15       120.    The payment of penalties and interest, if any, shall not alter in any way

16  Defendants' obligation to complete the performance of the requirements of the Consent Decree.

17       121.    Obligations Prior to the Effective Date. Upon the Effective Date, if the Effective

18  Date is after January 1, 2019, the stipulated penalties provisions of this Decree shall be

19  retroactively enforceable to any and all violations that have occurred between January 1, 2019

20  and the Effective Date of this Decree, provided that stipulated penalties that may have accrued

21  prior to the Effective Date may not be collected unless and until this Consent Decree is entered

22  by the Court.

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    122.   <u>Non-Exclusivity of Remedy</u>. Stipulated penalties are not the United States'

2   exclusive remedy for violations of the Consent Decree. Subject to the provisions of Section XVII

3   (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to

4   seek any other relief it deems appropriate for Defendants' violation of the Decree or applicable

5   law, including but not limited to an action against Defendants for statutory penalties, additional

6   injunctive relief, mitigation or offset measures, and/or contempt. Defendants reserve their rights

7   to contest any such additional actions taken by the United States against Defendants. However,

8   the amount of any statutory penalty assessed for a violation of the Consent Decree shall be

9   reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant

10  to the Consent Decree.

11                              XIV.   FORCE MAJEURE

12    123.   "Force majeure," for purposes of the Consent Decree, is defined as any event

13  arising from causes beyond the control of Defendants, of any entity controlled by Defendants, or

14  of Defendants' contractors, that delays or prevents the performance of any obligation under the

15  Consent Decree despite Defendants' best efforts to fulfill the obligation. The requirement that

16  Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate

17  any potential force majeure event and best efforts to address the effects of any potential force

18  majeure event (a) as it is occurring and (b) following the potential force majeure, such that the

19  delay and any adverse effects of the delay are minimized. "Force Majeure" does not include

20  Defendants' financial inability to perform any obligation under the Consent Decree.

21    124.   If any event occurs or has occurred that may delay the performance of any

22  obligation under the Consent Decree, whether or not caused by a force majeure event,

23  Defendants shall provide notice orally or by e-mail to the United States within seventy-two (72)

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

59

1   hours of when Defendants first knew that the event might cause a delay. Within seven (7) Days

2   thereafter, Defendants shall provide in writing to EPA an explanation and description of the

3   reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to

4   prevent or minimize the delay; a schedule for implementation of any measures to be taken to

5   prevent or mitigate the delay or the effect of the delay; Defendants' rationale for attributing such

6   delay to a force majeure event if it intends to assert such a claim; and a statement as to whether,

7   in the opinion of Defendants, such event may cause or contribute to an endangerment to public

8   health, welfare, or the environment. Defendants shall include with any notice all available

9   documentation supporting the claim that the delay was attributable to a force majeure. Failure to

10  comply with the above requirements shall preclude Defendants from asserting any claim of force

11  majeure for that event for the period of time of such failure to comply, and for any additional

12  delay caused by such failure. Defendants shall be deemed to know of any circumstance of which

13  Defendants, any entity controlled by Defendants, or Defendants' contractors knew or should

14  have known.

15       125.   If EPA agrees that the delay or anticipated delay is attributable to a force majeure

16  event, the time for performance of the obligations under the Consent Decree that are affected by

17  the force majeure event will be extended by EPA for such time as is necessary to complete those

18  obligations. An extension of the time for performance of the obligations affected by the force

19  majeure event shall not, of itself, extend the time for performance of any other obligation. EPA

20  will notify Defendants in writing of the length of the extension, if any, for performance of the

21  obligations affected by the force majeure event.

22       126.   If EPA does not agree that the delay or anticipated delay has been or will be

23  caused by a force majeure event, EPA will notify Defendants in writing of its decision.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1        127.    If Defendants elect to invoke the dispute resolution procedures set forth in

2    Section XV (Dispute Resolution), it shall do so no later than fifteen (15) Days after receipt of

3    EPA's notice. In any such proceeding, Defendants shall have the burden of demonstrating by a

4    preponderance of the evidence that the delay or anticipated delay has been or will be caused by a

5    force majeure event, that the duration of the delay or the extension sought was or will be

6    warranted under the circumstances, that best efforts were exercised to avoid and mitigate the

7    effects of the delay, and that Defendants complied with the requirements of Paragraphs 123 and

8    124. If Defendants carry this burden, the delay at issue shall be deemed not to be a violation by

9    Defendants of the affected obligation of the Consent Decree identified to EPA and the Court.

10                                XV.    DISPUTE RESOLUTION

11       128.    Unless otherwise expressly provided for in the Consent Decree, the dispute

12   resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising

13   under or with respect to the Consent Decree. Defendants' failure to seek resolution of a dispute

14   under this Section shall preclude Defendants from raising any such issue as a defense to an

15   action by the United States to enforce any obligation of Defendants arising under the Decree.

16       129.    Informal Dispute Resolution. Any dispute subject to Dispute Resolution under the

17   Consent Decree shall first be the subject of informal negotiations. The dispute shall be

18   considered to have arisen when Defendants send the United States a written Notice of Dispute.

19   Such Notice of Dispute shall state clearly the matter in dispute. The period of informal

20   negotiations shall not exceed twenty (20) Days from the date the dispute arises, unless that

21   period is modified by written agreement. If the Parties cannot resolve a dispute by informal

22   negotiations, then the position advanced by the United States shall be considered binding unless,

1   within thirty (30) Days after the conclusion of the informal negotiation period, Defendants

2   invoke formal dispute resolution procedures as set forth below.

3        130.   Formal Dispute Resolution. Defendants shall invoke formal dispute resolution

4   procedures, within the time period provided in the preceding Paragraph, by serving on the United

5   States a written Statement of Position regarding the matter in dispute. The Statement of Position

6   shall include, but need not be limited to, any factual data, analysis, or opinion supporting

7   Defendants' position and any supporting documentation relied upon by Defendants.

8        131.   The United States shall serve its Statement of Position within forty-five (45) Days

9   of receipt of Defendants' Statement of Position. The United States' Statement of Position shall

10  include, but need not be limited to, any factual data, analysis, or opinion supporting that position

11  and any supporting documentation relied upon by the United States. The United States'

12  Statement of Position shall be binding on Defendants, unless Defendants file a motion for

13  judicial review of the dispute in accordance with the following Paragraph.

14       132.   Defendants may seek judicial review of the dispute by filing with the Court and

15  serving on the United States, in accordance with Section XIX (Notices), a motion requesting

16  judicial resolution of the dispute. The motion must be filed within ten (10) Days of receipt of the

17  United States' Statement of Position pursuant to the preceding Paragraph. The motion shall

18  contain a written statement of Defendants' position on the matter in dispute, including any

19  supporting factual data, analysis, opinion, or documentation, and shall set forth the relief

20  requested and any schedule within which the dispute must be resolved for orderly

21  implementation of the Consent Decree.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

62

133.     The United States shall respond to Defendants' motion within the time period

allowed by the Local Rules of this Court. Defendants may file a reply memorandum, to the

extent permitted by the Local Rules.

134.     <u>Standard of Review</u>. Except as otherwise provided in the Consent Decree, in any

dispute brought under Paragraph 132, Defendants shall bear the burden of demonstrating that

their position complies with this Consent Decree and that it is entitled to relief under applicable

principles of law. The United States reserves the right to argue that its position is reviewable

only on the administrative record and must be upheld unless arbitrary and capricious or

otherwise not in accordance with law, and Defendants reserve the right to oppose this position.

135.     The invocation of dispute resolution procedures under this Section shall not, by

itself, extend, postpone, or affect in any way any obligation of Defendants under the Consent

Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with

respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but

payment shall be stayed pending resolution of the dispute as provided in Paragraph 117. If

Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as

provided in Section XIII (Stipulated Penalties).

XVI.   INFORMATION COLLECTION AND RETENTION

136.     The United States and its representatives, including attorneys, contractors, and

consultants, shall have the right of entry into any Facility or Vessel covered by the Consent

Decree, at all reasonable times, upon presentation of credentials, to:

a.     Monitor the progress of activities required under the Consent Decree;

b.     Verify any data or information submitted to the United States in

accordance with the terms of the Consent Decree;

Consent Decree:
*United States v.Trident Seafoods, et. al.*

63

1         c.     Obtain samples and, upon request, splits of any samples taken by

2 Defendants or their representatives, contractors, or consultants; obtain documentary evidence,

3 including photographs and similar data; and

4         d.     Assess Defendants' compliance with the Consent Decree.

5     137.    Upon request, Defendants shall provide EPA or its authorized representatives

6 splits of any samples taken by Defendants. Upon request, EPA shall provide Defendants splits of

7 any samples taken by EPA.

8     138.    Until five (5) years after the termination of the Consent Decree, Defendants shall

9 retain, and shall instruct their contractors and agents to preserve, all non-identical copies of all

10 documents, records, or other information (including documents, records, or other information in

11 electronic form) in their or their contractors' or agents' possession or control, or that come into

12 their or their contractors' or agents' possession or control, and that relate in any manner to

13 Defendants' performance of their obligations under the Consent Decree. This information-

14 retention requirement shall apply regardless of any contrary corporate or institutional policies or

15 procedures. At any time during this information-retention period, upon request by the United

16 States, Defendants shall provide copies of any documents, records, or other information required

17 to be maintained under this Paragraph.

18     139.    At the conclusion of the information-retention period provided in the preceding

19 Paragraph, Defendants shall notify the United States at least ninety (90) Days prior to the

20 destruction of any documents, records, or other information subject to the requirements of the

21 preceding Paragraph and, upon request by the United States, Defendants shall deliver any such

22 documents, records, or other information to EPA. Defendants may assert that certain documents,

23 records, or other information is privileged under the attorney-client privilege or any other

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

64

1   privilege recognized by federal law. If Defendants assert such a privilege, they shall provide the

2   following: (a) the title of the document, record, or information; (b) the date of the document,

3   record, or information; (c) the name and title of each author of the document, record, or

4   information; (d) the name and title of each addressee and recipient; (e) a description of the

5   subject of the document, record, or information; and (f) the privilege asserted by Defendants.

6   However, no documents, records, or other information created or generated pursuant to the

7   requirements of the Consent Decree shall be withheld on grounds of privilege.

8      140.   Defendants may also assert that information required to be provided under this

9   Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to

10   any information that Defendants seek to protect as CBI, Defendants shall follow the procedures

11   set forth in 40 C.F.R. Part 2.

12      141.   The Consent Decree in no way limits or affects any right of entry and inspection,

13   or any right to obtain information, held by the United States pursuant to applicable federal laws,

14   regulations, or permits, nor does it limit or affect any duty or obligation of Defendants to

15   maintain documents, records, or other information imposed by applicable federal or state laws,

16   regulations, or permits.

17         XVII.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

18      142.   The Consent Decree resolves the civil claims of the United States against

19   Defendants for any violations of 40 C.F.R. Part 82, Subpart F at Defendants' Facilities and

20   Vessels through March 31, 2016.

21      143.   The United States reserves all legal and equitable remedies available to enforce

22   the provisions of the Consent Decree, except as expressly stated in Paragraph 142. The Consent

23   Decree shall not be construed to limit the rights of the United States to obtain penalties or

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    injunctive relief under the Act or implementing regulations, or under other federal laws,

2    regulations, or permit conditions, except as expressly stated in Paragraph 142. The United States

3    further reserves all legal and equitable remedies to address any imminent and substantial

4    endangerment to the public health or welfare or the environment arising at, or posed by,

5    Defendants' Vessels and/or Facilities, whether related to the violations addressed in the Consent

6    Decree or otherwise.

7        144.    In any subsequent administrative or judicial proceeding initiated by the United

8    States for injunctive relief, civil penalties, other appropriate relief relating to the Defendants'

9    Vessels and/or Facilities or Defendants' violations, Defendants shall not assert, and may not

10   maintain, any defense or claim based upon the principles of waiver, res judicata, collateral

11   estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any

12   contention that the claims raised by the United States in the subsequent proceeding were or

13   should have been brought in the instant case, except with respect to claims that have been

14   specifically resolved pursuant to Paragraph 142.

15       145.    The Consent Decree is not a permit, or a modification of any permit, under any

16   federal, State, or local laws or regulations. Defendants are responsible for achieving and

17   maintaining complete compliance with all applicable federal, State, and local laws, regulations,

18   and permits; and Defendants' compliance with the Consent Decree shall be no defense to any

19   action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.

20   The United States does not, by its consent to the entry of the Consent Decree, warrant or aver in

21   any manner that Defendants' compliance with any aspect of the Consent Decree will result in

22   compliance with provisions of the Act, 42 U.S.C. § 7401 *et seq.*, or with any other provisions of

23   federal, state, or local laws, regulations, or permits.

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1    146.    The Consent Decree does not limit or affect the rights of Defendants or of the

2    United States against any third parties, not party to the Consent Decree, nor does it limit the

3    rights of third parties, not party to the Consent Decree, against Defendants, except as otherwise

4    provided by law.

5    147.    The Consent Decree shall not be construed to create rights in, or grant any cause

6    of action to, any third party not party to the Consent Decree.

7                                        XVIII. COSTS

8    148.    The Parties shall bear their own costs of this action, including attorneys' fees,

9    except that the United States shall be entitled to collect the costs (including attorneys' fees)

10   incurred in any action necessary to collect any portion of the civil penalty or any stipulated

11   penalties due but not paid by Defendants.

12                                       XIX.   NOTICES

13   149.    Notifications, communications, and submissions (collectively, "Submissions")

14   required by the Consent Decree shall be sent to the addressees listed below both electronically

15   and by U.S. Mail, postage pre-paid, or private courier service, except for Submissions under

16   Section XIV (Force Majeure) and Section XV (Dispute Resolution), which shall be sent both

17   electronically and by overnight mail or by certified or registered mail, return receipt requested.

18   Where the Consent Decree requires that Submissions be sent to the United States, they shall be

19   sent to the United States Department of Justice and EPA offices designated below. Where the

20   Consent Decree requires that Submissions be sent to EPA, they need only be sent to the EPA

21   offices designated below.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

| | | |
|---|---|---|
| 1 | As to the United States by email: | eescdcopy.enrd@usdoj.gov |
| 2 | | Re: DJ # 90-5-2-1-11183 |
| 3 | | |
| 4 | As to the United States by mail: | EES Case Management Unit |
| 5 | | Environment and Natural Resources Division |
| 6 | | U.S. Department of Justice |
| 7 | | P.O. Box 7611 |
| 8 | | Washington, D.C. 20044-7611 |
| 9 | | Re: DJ # 90-5-2-1-11183 |
| 10 | | |
| 11 | As to EPA: | Katie McClintock |
| 12 | | 1200 Sixth Avenue, Suite 155 |
| 13 | | Seattle, Washington 98101 |
| 14 | | Mcclintock.katie@epa.gov |
| 15 | | (206) 553-2143 |
| 16 | | |
| 17 | As to Defendant: | Shawn Stokes |
| 18 | | Environmental Affairs Director |
| 19 | | Trident Seafoods Corporation |
| 20 | | 5303 Shilshole Avenue NW |
| 21 | | Seattle, Washington 98107 |
| 22 | | sstokes@tridentseafoods.com |
| 23 | | (206) 297-6646 |

24    150.    Any Party may, by written notice to the other Parties, change its designated notice

25    recipient or notice address provided above.

26    151.    Notices submitted pursuant to this Section shall be deemed submitted upon

27    mailing, unless otherwise provided in the Consent Decree or by mutual agreement of the Parties

28    in writing.

29                          XX.    EFFECTIVE DATE

30    152.    The Effective Date of the Consent Decree shall be the date upon which the

31    Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted,

32    whichever occurs first, as recorded on the Court's docket.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

68

1                          XXI.   RETENTION OF JURISDICTION

2            153.    The Court shall retain jurisdiction over this case until termination of the Consent

3    Decree, for the purpose of resolving disputes arising under the Decree or entering orders

4    modifying the Decree, pursuant to Sections XV (Dispute Resolution) and XXII (Modification),

5    or effectuating or enforcing compliance with the terms of the Decree.

6                                  XXII.   MODIFICATION

7            154.    Except as otherwise stated in Paragraph 21, the terms of this Consent Decree,

8    including any attached appendices, may be modified only by a subsequent written agreement

9    signed by all the Parties. Where the modification constitutes a material change to this Decree, it

10   shall be effective only upon approval by the Court.

11           155.    Any disputes concerning modification of the Decree shall be resolved pursuant to

12   Section XV (Dispute Resolution), provided, however, that, instead of the burden of proof

13   provided by Paragraph 134, the Party seeking the modification bears the burden of demonstrating

14   that it is entitled to the requested modification in accordance with Federal Rule of Civil

15   Procedure 60(b).

16                                  XXIII. TERMINATION

17           156.    Certificate of Completion: Applicable Sections. Prior to moving for Termination

18   under Paragraphs 161 through 163 below, the Defendants may seek to certify completion of one

19   or more of the following Sections of this Consent Decree, subject to the Standard for Completion

20   in Paragraph 157:

21                    a.      Section V (Compliance Requirements)

22                    b.      Section VIII (Annual Refrigerant Loss Cap Program)

23                    c.      Section IX (Third Party Verification)

1    157.   Standard for Completion. No Section of this Consent Decree listed in Paragraph

2    156 shall be certified complete unless Defendants have satisfactorily completed and are in full

3    satisfaction of all requirements of the applicable Section(s) for three consecutive calendar years,

4    beginning any time after the third year after the Effective Date. Notwithstanding any Certificate

5    of Completion Defendants may obtain for Section V (Compliance Requirements), the

6    *Independence* and the *Island Enterprise* must continue to comply with all of the requirements of

7    Section V until the date that each Vessel is retrofitted or retired in accordance with the

8    requirements of Paragraphs 46 and 47.

9    158.   Certificate of Completion: Defendants' Actions. If Defendants conclude that any

10   of the Sections of this Consent Decree identified in Paragraph 156 above have met the Standard

11   of Completion, then Defendants may submit a written report to EPA describing the activities

12   undertaken and certifying that Defendants have met the Standard of Completion for that

13   Section(s). The report shall contain the following statement, signed by a responsible corporate

14   official of the Defendants:

15               To the best of my knowledge, after appropriate
16               investigation, I certify that the information contained in or
17               accompanying this submission is true, accurate, and complete. I
18               am aware that there are significant penalties for submitting false
19               information, including the possibility of fine and imprisonment for
20               knowing violations.

21   159.   Certificate of Completion: EPA Actions. Upon receipt of Defendants'

22   certification, EPA shall notify the Defendants in writing whether the requirements set forth in the

23   applicable Section have been completed in accordance with this Consent Decree:

24        a.   If EPA concludes that Defendants have not met the Standard for

25   Completion for the applicable Section(s) presented in Defendants' written report submitted

1    pursuant to Paragraph 158, EPA will notify the Defendants in writing as to the activities that

2    EPA believes must be undertaken to complete the applicable Section of this Consent Decree. The

3    Defendants shall perform all activities described in the notice, subject to the terms of this

4    Consent Decree and Defendants' right to invoke the dispute resolution procedures set forth in

5    Section XV (Dispute Resolution); and/or

6              b.    If EPA concludes that Defendants have met the Standard of Completion

7    for the applicable Section(s) presented in Defendants' written report submitted pursuant to

8    Paragraph 158, EPA shall so certify in writing to the Defendants. This certification shall

9    constitute the Certification of Completion of the applicable Section or part for purposes of this

10   Consent Decree.

11        160.   Certificate of Completion: No Impediment to Stipulated Penalty Demand.

12   Nothing in Paragraphs 157 through 159 above shall preclude the United States from seeking

13   stipulated penalties for a violation of any of the requirements of this Consent Decree based on

14   acts or omissions occurring prior to the issuance of a Certificate of Completion or if the

15   Certificate of Completion is based on inaccurate representations by Defendants. In addition,

16   nothing in Paragraphs 157 through 159 above shall permit Defendants to fail to implement any

17   other ongoing obligations under this Consent Decree regardless of whether a Certificate of

18   Completion has been issued for certain Sections.

19        161.   Termination. Any time after Defendants have:

20              a.    completed three consecutive calendar years of satisfactory compliance

21   with Sections V (Compliance Requirements), VIII (Annual Refrigerant Loss Cap Program, and

22   IX (Third Party Verification) of the Consent Decree, beginning any time after the third year after

23   the Effective Date;

1          b.        satisfactorily completed the requirements of Sections IV (Civil Penalty),

2   VI (Retrofits), and VII (Supplemental Environmental Project); and

3          c.        paid the civil penalty and any accrued stipulated penalties as required by

4   the Consent Decree, Defendants may serve upon the United States a Request for Termination,

5   stating that Defendants have satisfied those requirements, together with all necessary supporting

6   documentation.

7          162.      Following receipt by the United States of Defendants' Request for Termination,

8   the Parties shall confer informally concerning the Request and any disagreement that the Parties

9   may have as to whether Defendants have satisfactorily complied with the requirements for

10   termination of the Consent Decree set forth in Paragraph 161 above. If the United States agrees

11   that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint

12   stipulation terminating the Decree.

13          163.      If the United States does not agree that the Decree may be terminated, Defendants

14   may invoke Dispute Resolution under Section XV (Dispute Resolution). However, Defendants

15   shall not seek Dispute Resolution of any dispute regarding termination until sixty (60) Days after

16   service of their Request for Termination.

17                              XXIV. PUBLIC PARTICIPATION

18          164.      The Consent Decree shall be lodged with the Court for a period of not less than 30

19   Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States

20   reserves the right to withdraw or withhold its consent if the comments regarding the Consent

21   Decree disclose facts or considerations indicating that the Consent Decree is inappropriate,

22   improper, or inadequate. Defendants consent to entry of the Consent Decree without further

23   notice and agree not to withdraw from or oppose entry of the Consent Decree by the Court or to

Consent Decree:                                      UNITED STATES DEPARTMENT OF JUSTICE
*United States v.Trident Seafoods, et. al.*          Environment and Natural Resources Division
                                                     P.O. Box 7611, Washington, DC 20044-7611
                                                     (202) 305-0302

1    challenge any provision of the Decree, unless the United States has notified Defendants in

2    writing that it no longer supports entry of the Decree.

3                              XXV.  SIGNATORIES/SERVICE

4          165.    Each undersigned representative of Defendants and the Assistant Attorney

5    General for the Environment and Natural Resources Division of the Department of Justice

6    certifies that he or she is fully authorized to enter into the terms and conditions of the Consent

7.   Decree and to execute and legally bind the Party he or she represents to this document.

8          166.    The Consent Decree may be signed in counterparts, and its validity shall not be

9    challenged on that basis. Defendants agree to accept service of process by mail with respect to all

10   matters arising under or relating to the Consent Decree and to waive the formal service

11   requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any

12   applicable Local Rules of this Court including, but not limited to, service of a summons.

13   Defendants need not file an answer to the complaint in this action unless or until the Court

14   expressly declines to enter this Consent Decree.

15                              XXVI. INTEGRATION

16         167.    The Consent Decree constitutes the final, complete, and exclusive agreement and

17   understanding among the Parties with respect to the settlement embodied in the Decree and

18   supersedes all prior agreements and understandings, whether oral or written, concerning the

19   settlement embodied herein. The Parties acknowledge that there are no representations,

20   agreements, or understandings relating to the settlement other than those expressly contained in

21   the Consent Decree.

Consent Decree:
*United States v.Trident Seafoods, et. al.*

73

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

1                        XXVII.  FINAL JUDGMENT

2        168.     Upon approval and entry of the Consent Decree by the Court, the Consent Decree

3 shall constitute a final judgment of the Court as to the United States and Defendants.

4            XXVIII. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

5        169.     For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the

6 Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), performance of Section II (Applicability),

7 Paragraph 9; Section V (Compliance Requirements), Paragraphs 15 through 21, 24 through 25,

8 28-45; Section VI (Retrofits), Paragraphs 46 through 47; Section VIII (Annual Refrigerant Loss

9 Cap Program), Paragraphs 59 through 66; Section IX (Third Party Verification), Paragraphs 67-

10 69, 71 through 73, 75 through 83; Section X (Approval of Deliverables), Paragraphs 85 through

11 86, 90; Section XI (Reporting Requirements), Paragraphs 91 through 93, 95 through 96; Section

12 XII (Petitions), Paragraphs 100-101; Section XVI (Information Collection and Retention),

13 Paragraphs 136 through 139; and Appendix A, is restitution or required to come into compliance

14 with law.

15                            XXIX. APPENDIX

16        170.     Appendix A is Defendants' Refrigerant Compliance Plan, current as of the date of

17 lodging, and is attached to and part of this Consent Decree

Dated and entered this ___20___ day of _____May_____, 2019.

_____
UNITED STATES DISTRICT JUDGE

Western District of Washington

Consent Decree:
*United States v. Trident Seafoods, et. al.*

74

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

FOR THE UNITED STATES OF AMERICA:

2/15/19

Date

NATHANIEL DOUGLAS
Deputy Chief
Environmental Enforcement Section

JOHN BRODERICK
DANICA ANDERSON GLASER
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel.: (202) 305-0302
Email: John.broderick@usdoj.gov
Email: Danica.glaser@usdoj.gov

Brian T. Moran
United States Attorney
Western District of Washington

Brian Kipnis
Assistant United States Attorney
Western District of Washington

Consent Decree:
*United States v. Trident Seafoods, et. al.*

75

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Feb 15, 2019

Date

ALLYN STERN
Regional Counsel
U.S. Environmental Protection Agency, Region 10

BRETT DUGAN
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 10
1200 Sixth Avenue, M/S ORC-113
Seattle, WA 98101

Consent Decree:
*United States v. Trident Seafoods, et. al.*

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302

76

FOR DEFENDANTS:

12/21/18
Date

FOR TRIDENT SEAFOODS CORPORATION

12/21/18
Date

FOR ROYAL VIKING, INC.

12/21/18
Date

FOR GOLDEN DAWN, LLC

Consent Decree:
*United States v. Trident Seafoods, et. al.*

77

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, DC 20044-7611
(202) 305-0302