UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRIDENT SEAFOODS CORP.,<br>Royal Viking, Inc., Golden Dawn, LLC<br><br>Defendants. | No. 2:19-cv-231 |

## SECOND MATERIAL MODIFICATION TO CONSENT DECREE

WHEREAS the United States of America and Defendants Trident Seafoods Corporation ("Trident"), Royal Viking, Inc., and Golden Dawn, LLC (collectively, "the Parties") are Parties to a Consent Decree (ECF No. 2-1) entered by this Court on May 20, 2019 (ECF No. 8) and modified by the First Material Modification entered by this Court on June 14, 2024 (ECF. No. 11);

WHEREAS, the First Material Modification modified Section VI of the Consent Decree, which describes the process and timelines by which Defendants must retrofit or retire certain Large Appliances with a full charge of 5,000 pounds or more of Class I or Class II refrigerant, by replacing the schedule set forth in Paragraph 46 of the Consent Decree with the following:

| Retrofit or Retirement Date | Vessel |
|---|---|
| By January 31, 2022 | *Island Enterprise* |

Material Modification to Consent Decree - 1
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

| By January 31, 2026 | Both the *Eastern Wind* and the *Independence* |
| By January 31, 2030 | *Seattle Enterprise* |
| By January 31, 2032 | *Starbound* |

WHEREAS, in December 2024, Defendants requested a further modification to the retrofit schedule set forth in Paragraph 46 to switch the retirement deadlines of the *Independence* and the *Seattle Enterprise*, thereby extending Defendants' deadline to retrofit or retire the pertinent Large Appliances on the *Independence* to January 31, 2030;

WHEREAS, Defendants represent that switching the two vessels' retirement dates is necessary because of additional necessary capital expenditures, issues relating to the company's fishing seasons and repair schedule, and the unique aspects relating to each vessel and its ability to provide services to Trident's greater fleet;

WHEREAS, due to differences in the size of refrigerant appliances and applicable leak rates, switching the deadlines of the *Seattle Enterprise* and the *Independence* may lead to additional releases of refrigerant into the atmosphere;

WHEREAS, because of this likelihood of additional refrigerant releases, the Parties have negotiated additional changes to the Consent Decree's Compliance Requirements (Section V), Retrofits of Large Appliances with Full Charge of 5,000 or More Pounds of Class I or Class II Refrigerant (Section VI), Annual Refrigerant Loss Cap Program (Section VIII), Third Party Verification (Section IX), and Stipulated Penalties (Section XIII) provisions in order to monitor and offset the likelihood of these additional releases;

WHEREAS, in accordance with the Parties' agreement for early retirement of the *Seattle Enterprise* as part of this proposed Second Material Modification, Trident certified on

Material Modification to Consent Decree - 2
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1  June 12, 2025 that it retired all Large Appliances with a Full Charge of 5,000 or More Pounds

2  of Class I or Class II Refrigerant on the *Seattle Enterprise*.

3  WHEREAS, these additional changes to the Consent Decree include, among others,

4  additional inspection and leak testing requirements, the development of an enhanced

5  mechanical integrity inspection program and additional third party inspections on the

6  *Independence*, an agreement for early retirement of the *Seattle Enterprise*, and agreed

7  changes to the refrigerant loss cap provisions;

8  WHEREAS, this Second Material Modification made herein constitutes a material

9  change to the Consent Decree, requiring Court approval under Paragraph 154 of the Consent

10  Decree because (1) the deadline to retrofit or retire the *Independence* has been extended by

11  four years and (2) Defendants' obligations under Sections V, VI, VIII, IX, and XIII of the

12  Consent Decree have also been modified;

13  WHEREAS, the Parties recognize, and the Court by entering this Second Material

14  Modification finds, that this Modification has been negotiated by the Parties in good faith and

15  that this Modification is fair, reasonable, and in the public interest;

16  NOW THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED,

17  ORDERED, AND DECREED as follows:

18  1.  Except as specifically modified herein, all provisions of the Consent Decree

19  entered by this Court on May 20, 2019 (ECF No. 8) and First Material Modification to

20  Consent Decree entered by this Court on June 14, 2024 (ECF No. 11) shall remain unchanged

21  and in full force and effect.

22  2.  Paragraph 11 shall be amended to add the following:

23  k.  "'Enhanced Mechanical Integrity Inspection Program' shall mean the

Material Modification to Consent Decree - 3  
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE  
Environment and Natural Resources Division  
P.O. Box 7611, Washington, D.C. 20044-7611

program required by Section V.K."

3. Paragraph 18 shall be amended to add the following as indicated in bold and italicized text:

18. "<u>Medium Appliances</u>. Consistent with the terms of this Consent Decree, if Defendants decide to retrofit an existing Medium Appliance or purchase***, rent, or otherwise acquire,*** a new Medium Appliance, the Medium Appliance must use a Replacement Refrigerant or an "exempt substitute," as defined in 40 C.F.R. §§ 82.152 and 82.154(a)(1)."

4. Paragraph 20 shall be amended to add the following:

n. Procedures for implementing the Enhanced Mechanical Integrity Inspection Program in accordance with Section V.K.

5. Paragraph 28 shall be amended to add the following as indicated in bold and italicized text:

28. <u>Large Appliances with a Full Charge of 5,000 or more pounds of Class I or Class II refrigerant</u>. At least once each Calendar Year beginning January 1, 2019, **and for the *Independence* at least twice each Calendar Year beginning January 1, 2026,** Defendants shall evacuate each Large Appliance with a Full Charge of 5,000 or more pounds of Class I or Class II refrigerant to the level specified in 40 C.F.R. § 82.156, Table 1. Defendants shall then pressurize the entire system to a pressure in excess of atmospheric pressure that is sufficient to check for and identify leaks in accordance with Paragraph 37.  Each comprehensive leak test and inspection conducted in accordance with this Paragraph shall be conducted at least six months apart from its prior and subsequent test and inspection. Nothing in this Paragraph shall be

Material Modification to Consent Decree - 4
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

construed to limit Defendants' ability to conduct additional comprehensive leak tests and inspections beyond those required by this Paragraph.

6. Paragraph 34 shall be amended to add the following new Paragraph 34(b) and re-number as follows:

34. <u>Large Appliances with a Full Charge of 5,000 or more pounds of Class I or Class II refrigerant on Vessels</u>.

*a.* Beginning January 1, 2019, for each Large Appliance with a Full Charge of 5,000 or more pounds of Class I or Class II refrigerant at any Vessel or Facility, when each such Large Appliance is charged with refrigerant, Defendants shall conduct inspections on each Component of the Large Appliance, except those Components that are Pumped-out and Isolated or Pumped Down, subject to the limitations of 40 C.F.R. § 82.157(g)(3), on a rolling basis, such that each Component in operation is inspected at least once every fifteen (15) Days in accordance with Paragraph 37.

***b.*** ***Beginning January 1, 2026, for each Large Appliance with a Full Charge of 5,000 or more pounds of Class I or Class II refrigerant on the Independence or Starbound, when each such Large Appliance is charged with refrigerant, Defendants shall conduct inspections on each Component of the Large Appliance, except those Components that are Pumped-out and Isolated or Pumped Down, subject to the limitations of 40 C.F.R. § 82. l57(g)(3), on a rolling basis, such that each Component in operation is inspected at least once every seven (7) Days in accordance with Paragraph 37. Except as explicitly provided in this Paragraph 34.b, Defendant's obligations pursuant to Paragraph 34.a remain unchanged.***

*c.* During an Extended Lay-up, Defendants are not required to inspect Components that are Pumped-out and Isolated or Pumped Down. During an Extended Lay-up,

Material Modification to Consent Decree - 5
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1 Defendants shall inspect any Component which has not been Pumped-out and Isolated or

2 Pumped Down at least once every thirty (30) Days.

3       7.     Section V. (Compliance Requirements) shall be amended to add the following

4 additional compliance requirement at the end of Section V:

5    K.  <u>Enhanced Mechanical Integrity Inspection Program</u>

6         No later than January 1, 2026, Defendants shall implement an Enhanced Mechanical

7 Integrity Inspection Program to cover all external piping associated with Large Appliances with

8 a full charge of 5,000 pound or more of Class I or Class II refrigerant on the Independence.  The

9 Enhanced Mechanical Integrity Inspection Program shall include:

10           a.   Procedures for conducting at least one comprehensive non-destructive

11                evaluation on all external piping by a NDT Level II American Society for

12                Non-Destructive Testing (ANST) certified non-destructive evaluation

13                technician by January 1, 2027;

14           b.   Procedures for conducting annual inspections of external piping surface,

15                insulation, and vapor barrier by a trained inspector;

16           c.   Procedures for conducting non-destructive testing meeting all ANST

17                standards;

18           d.   Qualifications for inspectors conducting annual inspections;

19           e.    Qualifications for non destructive test technicians to interpret inspection

20                results, such that any test technician must meet a minimum NDT Level II

21                certification by ANST;

22           f.   Requirement to hire a qualified non destructive test technician to interpret

23                the results of inspections and produce a report of findings; and

Material Modification to Consent Decree - 6  
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE  
Environment and Natural Resources Division  
P.O. Box 7611, Washington, D.C. 20044-7611

g. Requirement to repair identified leaks in external piping or any other deficiencies based on the technician's findings and appropriate corrosion loss tables.

8. Paragraph 46 shall be amended as follows (deletions are indicated in strikeout text and additions are indicated in bold and italicized text):

46. Consistent with the terms of this Consent Decree, Defendants must retrofit or retire any Large Appliances with a Full Charge of 5,000 or more pounds of Class I or Class II refrigerant on each of the following Vessels in accordance with the following schedule:

| Retrofit or Retirement Date | Vessel |
|---|---|
| By January 31, 2022 | *Island Enterprise* |
| By ***June 15, 2025*** | ***Seattle Enterprise*** |
| By January 31, 2026 | ~~Both the~~ *Eastern Wind* ~~and the~~ ~~*Independence*~~ |
| By January 31, 2030 | ~~*Seattle Enterprise*~~ ***Independence*** |
| By January 31, 2032 | *Starbound* |

Each Large Appliance that is retrofitted in accordance with this Paragraph shall be retrofitted to use an "exempt substitute," as defined in 40 C.F.R. §§ 82.152 and 82.154(a)(1).

9. Paragraph 61 shall be amended to add the following as indicated in bold and italicized text:

Material Modification to Consent Decree - 7
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

61. <u>Release Limits</u>. In each Reporting Year, if Class I or Class II refrigerant is released from Defendants' Program Appliances in an amount that equals or exceeds the following Release Limits, then Defendants shall undertake the following actions:

   a. ***Prior to January 1, 2026, i***If the amount of Class I and Class II refrigerant released from all Program Appliances exceeds 17.5%, as calculated below, Defendants shall develop and execute a Corrective Action Plan in accordance with Paragraph 66.

   b. ***Beginning on January 1, 2026, or any time thereafter, if the amount of Class I and Class II refrigerant released from all Program Appliances exceeds 12.5% as calculated below, Defendants shall develop and execute a Corrective Action Plan in accordance with Paragraph 66;***

   c. ***Beginning January 1, 2026, or any time thereafter, if the amount of Class I and Class II refrigerant released from a single Large Appliance with a Full Charge of 5,000 or more pounds of Class I or Class II refrigerant on the Independence or Starbound exceeds 25% as calculated below, Defendants shall develop and execute a Corrective Action Plan in accordance with Paragraph 66;***

   d. ***Prior to January 1, 2026, i***If the amount of Class I and Class II refrigerant released from all Program Appliances exceeds 25%, as calculated below, in addition to the Corrective Action Plan required by Paragraph 61.a, Defendants shall be liable for stipulated penalties in accordance with Paragraph 112.

   e. ***Beginning January 1, 2026, or any time thereafter, if the amount of Class I and Class II refrigerant released from all Program Appliances exceeds 17.5%, as calculated below, in addition to the Corrective Action Plan required by***

Material Modification to Consent Decree - 8
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1          ***Paragraph 61.b, Defendants shall be liable for stipulated penalties in***

2          ***accordance with Paragraph 112.***

3      ***f.   Beginning January 1, 2026, or any time thereafter, if the amount of Class I and***

4          ***Class II refrigerant released from a single Large Appliance with a Full Charge***

5          ***of 5,000 or more pounds of refrigerant on the Independence or Starbound***

6          ***exceeds 25% for two consecutive Calendar Years, as calculated below, in***

7          ***addition to the Corrective Action Plan required by Paragraph 61.c, Defendants***

8          ***shall be liable for stipulated penalties in accordance with Paragraph 112.***

9    10.   The first sentence of Paragraph 66 shall be amended to cross-reference

10 updated Paragraph references as indicated in bold and italicized text:

11      66.   <u>Corrective Action Plan</u>. If Class I or Class II refrigerants are released

12 from Defendants' Program Appliances during the previous calendar year in an amount

13 exceeding the Corrective Action Release Limit in Paragraph 61.a, ***.b, or .c,*** Defendants shall

14 submit by April 1 of the current calendar year a Corrective Action Plan that describes

15 Defendants' strategy for preventing exceedances of the Corrective Action Release Limit in

16 the current Calendar Year.

17    11.   Paragraph 76 shall be amended to add the following as indicated in bold and

18 italicized text:

19      76.   <u>Physical Audits</u>. Beginning January 1, 2019, and until any Large

20 Appliance subject to this Paragraph has been retrofitted or retired (e.g., according to Paragraphs

21 46 and 47, the Auditor will conduct annual Physical Audits to assess compliance at each Vessel

22 or Facility containing a Large Appliance with a Full Charge of 5,000 or more pounds of Class I

23 or Class II refrigerant. Within thirty (30) Days of the Auditor being retained, and by August 1

Material Modification to Consent Decree - 9
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1  each year beginning January 1, 2019, Defendants will provide the Auditor an anticipated annual

2  schedule for Seattle or Tacoma Vessel arrivals, and for planned system evacuation and pressure

3  testing timeframes for each Vessel with Large Appliances subject to this Paragraph. Within two

4  (2) weeks of receiving the Vessel schedule, the Auditor will send the Defendants and EPA a

5  schedule for Physical Audits. The Auditor will select and audit at least 50% of Vessels with

6  Large Appliances covered by this Paragraph each year, with each Vessel audited at least every

7  two (2) years. ***Beginning January 1, 2026, the Auditor must select and audit the Independence***

8  ***and Starbound annually.*** Vessel crew will be available upon arrival and for up to three (3) Days

9  after arrival if prearranged by the Auditor. Periodic updates to the schedule may be provided if

10 significant changes are made to the schedule. Defendants will confirm the Vessel arrival

11 schedule with the Auditor thirty (30) Days prior to arrival of the Vessel, and again seven (7)

12 Days prior to arrival of the Vessel. Schedules for pressure testing will be confirmed with the

13 Auditor at the time the contractor is scheduled to perform the pressure test, and the Auditor will

14 be updated of any changes to the schedule.

15   12.   Paragraph 112 shall be amended as follows (deletions are indicated in

16 strikeout text and additions are indicated in bold and italicized text):

17   112.   <u>Annual Refrigerant Loss Cap Program</u>. Starting January 1, 2019, if, in a

18 calendar year, Defendants release Class I or Class II refrigerant in an amount that equals or

19 exceeds the Stipulated Penalty Release Limit described in Paragraph 61.~~b~~***d, .e, or .f***, Defendants

20 shall pay a stipulated penalty of $50 for each pound of refrigerant released up to 5.5% in excess

21 of the Stipulated Penalty Release Limits ~~(that is, if the total amount of Class I and Class II~~

22 ~~refrigerant released is between 25% and 30.5% of the total charge of all Program Appliances)~~,

23 $75 for each pound of Class I and Class II refrigerant released from 5.5% to 35% in excess of the

Material Modification to Consent Decree - 10
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1  Stipulated Penalty Release Limits ~~(that is, if the amount of Class I and Class II refrigerant~~

2  ~~released is between 30.5% and 60% of the total charge of all Program Appliances)~~, and $100 for

3  each pound of Class I and Class II refrigerant released over 35% in excess of the Stipulated

4  Penalty Release Limits ~~(that is, if the amount of Class I and Class II refrigerant released exceeds~~

5  ~~60% of the total charge of all Program Appliances)~~.

6        13.    This Modification shall be lodged with this Court for a period of at least thirty

7  (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United

8  States reserves the right to withdraw or withhold its consent if the comments regarding this

9  Modification disclose facts or considerations indicating that this Modification is

10  inappropriate, improper, or inadequate.  Defendants consent to entry of this Modification as

11  proposed without further notice and agree not to withdraw from or oppose entry of this

12  Modification by the Court or to challenge any provision of this Modification, unless the

13  United States has notified Defendants in writing that the United States no longer supports

14  entry of this Modification.

15        14.    Each undersigned representatives of the Assistant Attorney General for the

16  Environment and Natural Resources Division of the United States Department of Justice, on

17  behalf of the United States, certifies that he is fully authorized to enter into the terms and

18  conditions of this Modification and to execute and legally bind the Party he or she represents

19  to this Modification.

20        15.    This Modification to the Consent Decree constitutes the final, complete, and

21  exclusive agreement and understanding among the Parties with respect to this Modification to

22  the Consent Decree, and this Modification supersedes all prior agreements and

23  understandings, whether oral or written, concerning the Modification embodied herein.  The

Material Modification to Consent Decree - 11  
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE  
Environment and Natural Resources Division  
P.O. Box 7611, Washington, D.C. 20044-7611

modifications herein are reflected in the modified Consent Decree attached as Exhibit A to this proposed Modification. In the event of a conflict between Exhibit A and this Modification, this Modification controls.

16. The This Modification may be executed in counterparts, and its validity shall not be challenged on that basis.

Dated and entered this <u>12th</u> day of <u>   December   </u>, 2025.

*[signature]*

_____

JOHN C. COUGHENOUR

SENIOR UNITED STATES DISTRICT JUDGE

                                         Respectfully submitted,

                                         ADAM R.F. GUSTAFSON
                                         Acting Assistant Attorney General
                                         U.S. Department of Justice
                                         Environment and Natural Resources Division

*ZACHARY MOOR* — Digitally signed by ZACHARY MOOR, Date: 2025.09.04 12:49:46 -04'00'

ZACHARY N. MOOR, MA #681469
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 532-3394

Material Modification to Consent Decree - 12
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

|     |                              |
| --- | ---------------------------- |
| 1   | Fax: (202) 514-8865          |
| 2   | E-mail: zachary.moor@usdoj.gov |
| 3   |                              |
| 4   |                              |
| 5   |                              |
| 6   | TEAL LUTHY MILLER            |
| 7   | Acting United States Attorney |
| 8   | Western District of Washington |
| 9   |                              |
| 10  | BRIAN KIPNIS                 |
| 11  | Assistant United States Attorney |
| 12  | Western District of Washington |

Material Modification to Consent Decree - 13
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, REGION 10

_____
BEVERLY LI (Digitally signed by BEVERLY LI, Date: 2025.07.23 14:52:05 -07'00')

BEVERLY LI
Regional Counsel
U.S. Environmental Protection Agency, Region 10
1200 Sixth Avenue, M/S ORC-113
Seattle, Washington 98101

Material Modification to Consent Decree - 14
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

FOR DEFENDANT TRIDENT SEAFOODS CORPORATION, ROYAL VIKING, INC., and GOLDEN DAWN, LLC.:

*[signature: Erik B. Anderson]*

ERIK B. ANDERSON
Executive Vice President, General Counsel
Trident Seafoods Corporation
5303 Shilshole Ave. NW
Seattle, Washington 98107

Material Modification to Consent Decree - 15
United States v. Trident Seafoods, et. al., 2:19-cv-231

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611